In the Matter of the Claim of KATHLEEN WARD, on Behalf of SUSAN WARD and Another, Infants, Respondent, against RED STAR EXPRESS LINES OF AUBURN, INC., et al., Appellants, and EUGENE ROGERS TRUCKING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 6, 1955.

*Albert P. Thill* for appellants.

*Jacob K. Javits, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Michael A. Gurda* for claimant-respondent.

*Chernin & Gold* for Eugene Rogers Trucking Co. and others, respondents.

*Levene & Gouldin* for American Lumbermen's Mutual Insurance Company, respondent.

*Victor Fiddler, Bernard Katzen* and *George J. Hayes* for State Insurance Fund, respondent.

BERGAN, J. In this case the Workmen's Compensation Board has relieved from liability the State Insurance Fund which had insured the deceased's direct employer. It has imposed liability for death benefits on a general contractor and its insurance carrier, Liberty Mutual Insurance Company, with which the employer had a subcontract for trucking. The theory of decision is that the direct employer was not insured at the time of accident. The statute (Workmen's Compensation Law, § 56) provides that unless the subcontractor primarily liable for payment of compensation benefits " has secured compensation therefor " the contractor or his carrier shall be liable for such payment. The contractor and its carrier, the Liberty Mutual Insurance Company, appeal.

The controversy on this aspect of the appeal is between the two carriers; and the issue is whether there is substantial evidence in the record in the case to find, as the board did, that the State Insurance Fund had cancelled the policy of compensation coverage carried by the decedent's employer before the fatal accident.

The statute closely governs the process of cancellation. No contract of insurance " shall be cancelled " before its expiration until " at least ten days after " two things are done. (Workmen's Compensation Law, § 54, subd. 5.) One is that notice of cancellation " be filed in the office of the chairman " of the Workmen's Compensation Board; the other is that notice " shall be served on the employer ". We have held that unless it is clearly established that cancellation has been effected just as the statute says it must be, coverage is deemed to have continued. (*Matter of Moss* v. *P. A. Trucking Co.*, 284 App. Div. 675; cf. *Matter of Horn* v. *Malchoff*, 276 App. Div. 683.)

In the case of cancellation of a policy by the State Insurance Fund as a carrier, there is an additional statutory requirement before cancellation may be deemed effected. The " right to cancellation of a policy " shall be exercised only " for nonpayment of premiums " (§ 54, subd. 5).

We turn, then, to the unstable record on which the State Insurance Fund has been relieved of obligation under its policy

and liability imposed on the general contractor and its carrier. Proof of the facts of cancellation was entirely documentary, adduced by photostatic copies of certain records. The referee requested that evidence be produced by someone acquainted with the facts or procedures relied on, " Rather than just bringing in some photostats here without any proof behind them as to what took place, so far as mailing and complying with the requirements of cancelling the policy ". Counsel for the State Insurance Fund suggested that he did not then know the names of the persons who knew the facts, but added " I could find out ". He felt it might take the testimony of two or three individuals. The case was rested, however, without calling any witness and was left to depend solely on the photostats.

We regard them as being insufficient to give substantial support to the board's finding on the record before us. The board is not bound by " common law or statutory rules of evidence " (Workmen's Compensation Law, § 118) but it is bound to have evidence which will establish some reasonable support to the facts relied on even though the evidence be informal in substance or in manner of presentation. It is unobjectionable to receive properly identified photostatic copies of records in support of the facts to which they may relate; but the records themselves do not in the case before us give substantial support to the facts necessary to warrant cancellation.

There is, moreover, doubt in the record as to whether the evidence was actually received. On two occasions, the referee stated for the record he was not receiving the photostatic copies; and on one occasion he noted that " I will receive them for the file ". We assume that the board had the power to treat them as received in evidence on reviewing the referee's decision, although it is not clear from the board's decision that it actually did so.

The exhibits leave open wide gaps in proof on essential points. The statute requires that the notice of cancellation " shall be served on the employer " (§ 54, subd. 5). This may be done either by delivering it personally, which the statute places first in sequence, or, as a second alternative, by " sending it by mail, by registered letter, addressed to the employer ". On this there is in the record merely a copy of a letter giving notice of cancellation stating on its face " Registered Mail ". This is addressed to " Eugene F. Rogers d/b/as Rogers Trucking ". There is no proof of mailing. There is a signature on the return receipt " Rogers Trucking — Gwen Rogers ". Who this is is not shown, and the authority of the person signing the receipt to act for

the assured Eugene F. Rogers is left entirely in doubt. The essential statutory requirement of notice is the mailing; that is nowhere shown and we think ought easily to have been shown.

The notice of cancellation itself was conditional. It stated that " Upon payment of the amount due as above set forth *At Any Time Prior* to the date fixed herein for cancellation, this notice shall *automatically* become null and void ". This requires, as a very minimum, we think, that it be established under the conditional notice that the alternative offered to the assured was not taken. There is no proof on this. There is also no proof, even from the photostats in evidence, that there was such a nonpayment of premium as to authorize cancellation on this ground by the State Insurance Fund under the statute.

The amounts stated in some bills which might suggest non-payment were likewise conditional. One stated: " If you have paid a portion of this Balance, please remit the amount Unpaid ". There is a notation " cancelled " on one of the account records which might alone have some probative value as evidence; but when that is examined closely in the printed record before us, it says " Cancelled 10-28-31 ". This is no doubt an error in printing but it suggests the uncertainties of the record on which we review the decision. We are satisfied, however, with the proof of notice of cancellation sent to the chairman of the board.

The issue in controversy between the carriers is substantial. The appellant carrier covering the general contractor, which was not decedent's employer, has been required by the decision to pay $15,459.02 into the Aggregate Trust Fund for the benefit of the decedent's family. The State Insurance Fund has been relieved from making this payment as carrier for decedent's direct employer. It does not seem unreasonable to expect that a clear record be presented on the issue of its cancellation and of its right to cancel.

There are significant gaps in the proof which we are unable to fill in by any detailed sifting of the record. The record ought not to be left that way before the board and we ought not be asked to affirm on a record which is defective, merely because no reasonable effort seems to have been made to offer proof which should be available. There ought to be reliable proof of mailing; there ought to be reliable proof both that the premium was unpaid at the time of the notice of cancellation and that the terms of the notice itself that it would be null and void if subsequently paid were not met by such payment.

We have no difficulty in holding that there is adequate proof in the record that the deceased was injured in the course of his employment. A truck operated by a fellow employee had gone off the road. The decedent, also a truck driver, stopped his truck along the road when he saw there had been an accident, and went over the edge of the embankment to look at the equipment of his employer. He was warned by the employer not to do so, but disregarded the warning and was killed.

This is a typical industrial accident. The highway along which decedent travelled in his work was as much the place of employment as would be a factory floor. If an employee had been injured in a factory while looking down a shaft of his employer at an elevator which had fallen, there would be no doubt of his right to recover even though the accident was the product of carelessness or though he was heedless of the employer's warning for his own safety.

The award against the appellants should be reversed and the case remitted to the board for its further proceedings, with costs to appellants against the State Insurance Fund, but without costs to the Workmen's Compensation Board.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Award reversed and the case remitted to the Workmen's Compensation Board for its further proceedings, with costs to appellants against the State Insurance Fund, but without costs to the Workmen's Compensation Board.