■ In the Matter of the Claim of JOHN A. ANDERSON, Respondent, against FISCHBACK & MOORE, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which held that appellant carrier furnished coverage at the time of the accident and accordingly is liable for the award made and that respondent carrier's policy was not in effect. The accident occurred on September 10, 1957 at a construction site where the employer was an electrical subcontractor. At that time there was in existence and purportedly in effect appellant carrier's policy covering all locations at which employer performed work in the State of New York. It is not disputed that the employer's contract with the general contractor required the employer to obtain coverage from respondent carrier for work under the subcontract. The latter's policy was issued accordingly, covering this particular job site, and on its face this policy was also in effect at the date of the accident. The board held, however, that appellant carrier alone was liable, respondent carrier being relieved, apparently, on the basis of testimony cited by the board, but not specifically found as a fact, that respondent's policy "was not accepted and was returned by" the employer. Consistently therewith, respondent carrier argues here that "no meeting of the minds * * * had ever taken place"

and " no contract had ever come into being." There is no support in the record for these conclusions. It is clear that, pursuant to its subcontract with the general contractor, the employer was obligated to and did consummate the insurance contract; that the certificate of such insurance, dated July 25, 1957, was not returned until "some time prior to September 30", which could, of course, have been after the accident on September 10; and, finally, that respondent carrier treated the policy as in force and did not until September 30, 1957 give notice of cancellation. The oral testimony as to an exchange of letters between the employer and its general contractor in August is unsatisfactory and inconclusive but the correspondence would not in any event affect the contractual relationship previously entered into between the employer and the respondent carrier. We find, further, that appellant carrier remained upon the risk. The term of its policy was from January 1, 1957 to January 1, 1958. It was not until September 17, 1957, according to the testimony of appellant carrier's underwriter, that the employer requested that the job site in question be excluded from the coverage. On September 30, 1957 the employer filed a report of injury naming as insurer the appellant carrier which, in turn, paid compensation without awaiting an award and until claimant returned to work on October 21, 1957, and did not raise the question of coverage until the second hearing before the Referee. Finally, on April 23, 1958, more than seven months after the accident, appellant carrier issued an indorsement purporting to exclude the particular job site from coverage for the period from July 25, 1957 (the date of respondent carrier's policy) to October 20, 1957. The indorsement seems to us completely ineffective but in any event was not in compliance with the statutory requirements as to cancellation, which are to be strictly construed. (Workmen's Compensation Law, § 54, subd. 5; *Matter of Ward* v. *Red Star Express Lines,* 286 App. Div. 471; *Matter of Horn* v. *Malchoff,* 276 App. Div. 683, motion for leave to appeal denied 301 N. Y. 814.) It follows, of course, that dual coverage existed. (Cf. *Matter of Horn* v. *Malchoff, supra; Matter of Feely* v. *Eagle Plastics Corp.,* 266 App. Div. 926, motion for leave to appeal denied 291 N. Y. 828.) Decision and award reversed and case remitted to the Workmen's Compensation Board for further proceedings, with costs to appellant carrier against respondent carrier. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.