In the Matter of the Claim of RALPH C. VAN DEURS, Respondent, v. REGENCY CABINET CORP. et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 8, 1973.

*Herbert Lasky (Joseph F. Manes* of counsel), for appellant.

*Robert Chojnacki* and *Albert D'Antoni* for Uninsured Employers' Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry A. Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. This is an appeal by the State Insurance Fund from a decision of the Workmen's Compensation Board, filed November 9, 1972.

The sole question raised on this appeal is whether the State Insurance Fund properly canceled its policy with claimant's employer in accordance with the provisions of subdivision 5 of section 54 of the Workmen's Compensation Law. The pertinent facts are not in dispute. The board found that the attempted cancellation was improper since the carrier failed to comply with the statutory requirements.

The notice of cancellation gave the effective date as October 25, 1970 at 12:01 A.M. The notice was received by both the board and the employer on October 15, 1970.

Subdivision 5 of section 54 of the Workmen's Compensation Law reads in part as follows: "5. Cancellation and termination of insurance contracts. No contract of insurance issued by an insurance carrier against liability arising under this chapter shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chairman and also served on the employer".

Our determination, therefore, revolves on whether the carrier complied with the 10-day notice of cancellation requirement. We find no precise case in point. It has been repeatedly held, however, that the cancellation statute must be strictly complied with (*Matter of Bogliolo* v. *Advocate, Inc.,* 31 A D 2d 855; *Matter of Conklin* v. *Byram House Rest.,* 32 A D 2d 582, 583, affd. 30 N Y 2d 657) and a failure to do so results in a continuation of coverage. (*Matter of Ward* v. *Red Star Express Lines of Auburn,* 286 App. Div. 471, 473.)

Section 20 of the General Construction Law provides in part as follows: "In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

Applying section 20 to the present facts, we conclude that October 15, the day of filing, should be excluded from the reckoning of the 10-day period. By the notice which was filed, the policy was to terminate on October 25, 1970 at 12:01 A.M. By our computation, this allowed only 9 days and consequently, there was a failure to comply with the statute. The purpose of the statute is to give one whose insurance is about to be canceled at least 10 days in which to obtain new insurance. We conclude that anything less was defective, and the policy remained in effect. The board, therefore, properly concluded that the State Insurance Fund is liable for claimant's accident.

The decision should be affirmed, with one bill of costs to respondents filing briefs.

GREENBLOTT, J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Decision affirmed, with one bill of costs to respondents filing briefs.