■ In the Matter of the Claim of RUSSELL WHITESIDE, Respondent, v. FRANK GOLINELLO et al., Doing Business as BLACKIE'S RUBBISH REMOVAL COMPANY, et al., Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the Uninsured Employers' Fund from decisions of the Workmen's Compensation Board, filed June 12, 1967 and February 24, 1967, which held that employer's workmen's compensation insurance policy was properly canceled, and discharged the carrier from liability. The Manhattan Casualty Company issued workmen's compensation policy No. WC 838366 for the period from April 9, 1963 to April 9, 1964 to Frank Golinello, doing business as Blackie's Rubbish Removal, 8208 15th Avenue, Brooklyn, New York. Thereafter, Manhattan Casualty Company went into liquidation, and Empire Mutual Insurance Company issued a certificate of reinsurance and assumption as part of policy No. WC 838366 on May 24, 1963, whereby Empire Mutual assumed and agreed to perform the policy obligations to the date of expiration or cancellation of the policy. On November 13, 1963 New York State Liquidation Bureau for Manhattan Casualty mailed a notice of cancellation to the employer by registered mail directed to the employer at 8208 15th Avenue, Brooklyn, New York. The post office returned the notice of cancellation to the Liquidation Bureau with the envelope marked "Return to Writer — Unclaimed." The claimant was injured in an accident which occurred on December 27, 1963, and the carrier disclaims coverage by reason of the notice of cancellation dated November 13, 1963. The appellant contends that the notice of cancellation was not sent to the "last known place of business" of the employer as required by subdivision 5 of section 54 of the Workmen's Compensation Law and was, therefore, ineffective to cancel the policy. At the hearings the testimony established that on July 23, 1963 Empire Mutual had issued a certificate of insurance to the A & P Tea Co., Inc., certifying that a policy for general liability and workmen's compensation policy No. WC 838366 was in force and had been issued to Salvatore Golinello and Frank Golinello, doing business as Blackie's Rubbish Removal, 8704 15th Avenue, Brooklyn, New York. It was also established that Manhattan Casualty had issued an undated certificate of insurance to Manufacturers Hanover Trust Co. certifying that a contractor's liability policy had been issued to Blackie's Rubbish Removal, 8704 15th Avenue, Brooklyn, New York. Appellant contends that the envelope returned by the post office bears the handwritten notation

"8704 15th" and that this indicates that the notice was directed by the post office to the employer at that address and that the cancellation was, therefore, effective. Subdivision 5 of section 54 of the Workmen's Compensation Law provides that no contract of insurance providing workmen's compensation coverage "shall be cancelled * * * until at least ten days after a notice of cancellation of such contract * * * shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of business". Under the statute it is not the address on the policy that is the controlling factor, it is the address of the insured's "last known place of business." While the carrier stresses the notation on the envolepe "8704 15th", there is no evidence in the record as to how or by whom this notation was placed on the envelope, nor is there any evidence, assuming that the notation was made by the post office, that any attempt was made by the post office to deliver the envelope to that address. Thus, any conclusions drawn from this notation would be pure conjecture. There is some evidence that 8208 15th Avenue was the residence of Frank Golinello prior to November, 1963 and that Blackie's Rubbish Removal never had a place of business there and that its place of business was at 8704 15th Avenue. It would seem that more satisfactory evidence might have been — and still may be — obtained from persons, including the employer himself, having direct knowledge of the facts. "The statute allows notice of cancellation to be 'served' by mail but it requires more than routine mailing. It is not the address on the policy declarations that is necessarily to be used; it is the 'last known' address." (*Matter of Manente* v. *East Coast Housing Corp.*, 14 A D 2d 972, mot. for lv. to app. den. 11 N Y 2d 642.) It appears that Empire Mutual had notice that the last known business address of the insured was not the address listed in the policy, but elsewhere, and it is not unreasonable to require "that care be taken, in so important a matter as cancellation of compensation policy coverage, that the 'last known address' be made quite certain if service is to be made by mail." (*Matter of Manente* v. *East Coast Housing Corp., supra.*) "For obvious reasons of public policy underlying the very structure of the Workmen's Compensation Law a policy may only be cancelled in strict conformity with the statute." (*Matter of Horn* v. *Malchoff*, 276 App. Div. 683, 685, mot. for lv. to app. den. 301 N. Y. 814.) "Service must be personal service or service made by registered mail. The exact language of the statute prohibits cancellation unless 'notice' is 'served'." (*Matter of Moss* v. *P. A. Trucking Co.*, 284 App. Div. 675, 677, mot. for lv. to app. den. 307 N. Y. 943.) (See, also, *Matter of Bogliolo* v. *Advocate Inc.*, 31 A D 2d 855.) The record indicates that the provisions of subdivision 5 of section 54 of the Workmen's Compensation Law were not complied with, which requirements must be strictly observed and, therefore, the decisions of the board should be reversed. (*Matter of Anderson* v. *Fischback & Moore*, 11 A D 2d 843.) Decisions reversed, with costs to the Uninsured Employers' Fund, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.