■ In the Matter of the Claim of PASQUALE GENOVA, Respondent, v. BROOKFIELD CONSTRUCTION CO., INC., et al., Respondents, and PUBLIC SERVICE MUTUAL INSURANCE CO., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the insurance carrier, Public Service Mutual Insurance Co., from a decision of the Workmen's Compensation Board, filed July 30, 1969, which determined that the Michigan Mutual Insurance Company was not responsible for coverage at the job site where the claimant sustained his injuries on June 30, 1966. The board found " on the evidence that there was no dual coverage on the date of the accident and Public Service Mutual Insurance Company has properly been found to be solely liable." The sole

issue on this appeal is whether or not as a matter of law the respondent, Michigan Mutual Insurance Company (Michigan), is liable for coverage in conjunction with the appellant. Upon the first appeal to the board, Michigan contended that there had never been any intention to include the job site in its coverage, but that through procedural errors its original policy did include such job site and that its subsequent indorsement of the policy issued on July 28, 1966 excluding such coverage as of June 29, 1966 was for the purpose of conforming the policy to the intentions of the insurer and the insured. (Cf. *Matter of Konstalid* v. *Cord Contr. Co.,* 32 A D 2d 979.) The board remitted the matter for development of the record on the issue of coverage and subsequent to such development rendered the decision herein appealed from. Upon the present record the insured and Michigan intended the policy issued by Michigan to cover the job site and thereafter by letter dated June 23, 1966 the insured requested its brokers to secure the deletion of the job site from the policy as of June 29, 1966. It is apparent that the actual deletion did not occur before July 1, 1966 at the earliest and that the indorsement affecting such deletion was not issued until July 28, 1966. No notice of such partial cancellation was filed " in the office of the chairman " as required by subdivision 5 of section 54 of the Workmen's Compensation Law. In *Matter of Horn* v. *Malchoff* (276 App. Div. 683, 685, mot. for lv. to app. den. 301 N. Y. 814) this court noted that in the absence of the notices of cancellation required by subdivision 5 of section 54 of the Workmen's Compensation Law the proviso of said subdivision 5 as to the effect of other insurances does not apply. (Cf. *Matter of Mioducki* v. *Herbert Burman, Inc.,* 18 A D 2d 852, 853.) Decision reversed, with costs against the respondent Michigan Mutual Insurance Company, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.