■ In the Matter of the Claim of THOMAS J. GREGORY, Respondent, v HICKSVILLE BICYCLE AND TOYSHOP et al., Respondents, and AETNA CASUALTY AND SURETY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 29, 1980, which ruled that Aetna Casualty and Surety, Inc., did not properly cancel its coverage and was, therefore, at risk on the date of the accident. The sole issue on appeal is whether appellant Aetna Casualty and Surety, Inc. (Aetna), was liable for coverage on November 15, 1974, the date of the accident in question. Aetna issued a policy of workers' compensation insurance to the employer for a three-year period covering March 22, 1970 to March 22, 1973. In January, 1973 Aetna issued a renewal policy extending coverage from March 22, 1973 to March 22, 1976. On February 28, 1973, an indorsement was typed purporting to reduce the term of the renewal policy to one year, for the period March 22, 1973 to March 22, 1974. In October, 1973, the employer obtained workers' compensation coverage from respondent Underwriters Insurance Company (Underwriters). Thereafter, Aetna issued a second indorsement purporting to cancel the policy as of October 18, 1973. On November 15, 1974, claimant was injured. Aetna accepted liability and paid the award. Subsequently, Aetna claimed that it erroneously accepted liability and that Underwriters covered the employer from October 11, 1973 to October 11, 1975. The board found there was dual coverage on the date of the accident as Aetna failed to properly cancel its coverage. Aetna concedes that its notice of October, 1973 was not a proper cancellation, but contends that the indorsement of February, 1973 properly reduced the term of the subject policy from three years to one year. Thus, Aetna asserts the policy expired by its own terms on March 22, 1974. For public policy reasons, however, a workers' compensation policy may only be canceled in strict conformity with subdivision 5 of section 54 of the Workers' Compensation Law (Matter of Otterbein v Babor & Comeau Co., 272 NY 149; Matter of Conklin v Byram House Rest., 32 AD2d 582, affd 30 NY2d 657; Matter of Horn v Malchoff, 276 App Div 683, mot for lv to app den 301 NY 814). The requirements of this section apply equally to partial termination of coverage (see Matter of Genova v Brookfield Constr. Co., 37 AD2d 640). The February, 1973 indorsement attempted to terminate the last two years of a three-year policy which had already been sent to the employer. In attempting to cancel the last two years of this policy, Aetna clearly failed to comply with the requirements of subdivision 5 of section 54 of the Workers' Compensation Law and, accordingly, the board's decision should be affirmed. Decision affirmed, with costs to Underwriters Insurance Company against Aetna Casualty and Surety, Inc. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

■ In the Matter of the Claim of AGNES ISAACSON, Respondent, v SAMSON WINDOW CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 26, 1980, which affirmed a Workers' Compensation Law Judge's decision that the death of claimant's decedent arose out of and in the course of his employment. The board found: "based on the record, particularly the testimony of Mr. Jackalone, that the attack upon decedent as he attempted to report to work was an incident of the employment. There is no evidence of wilful intent on decedent's part. The death arose out of and in the course of employment." Substantial evidence supports this determination of the board. Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.