714 A.2d 176

**James KIM, Red Rib Ltd. t/a Ace of Clubs**

v.

**COMPTROLLER OF THE TREASURY.**

No. 107, Sept. Term, 1996.

Court of Appeals of Maryland.

July 30, 1998.

William E. Kirk (Townshend & Kirk, P.A., on brief), Annapolis, for appellant.

Sheldon H. Laskin, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI *, RAKER and WILNER, JJ.

---

* Karwacki, J., now retired, participated in the hearing of this case while an active member of this Court; after being recalled pursuant to the

ELDRIDGE, Judge.

In this case we review a decision by the Circuit Court for Anne Arundel County dismissing as premature a petition for judicial review of an order of the Maryland Tax Court. We shall reverse.

## I.

The pertinent facts are relatively uncomplicated. James Kim owned and operated a tavern on Fort Smallwood Road in Anne Arundel County and held an alcoholic beverage license for the property. As a result of financial losses incurred by the tavern, Kim decided to sell the business to The Red Rib, Ltd., and the real estate to G. Glenn Schiller. Because Schiller was a non-resident of Anne Arundel County and could not qualify for the transfer of the alcoholic beverage license, Kim agreed to sign a liquor license application as Vice President of The Red Rib, Ltd., thereby qualifying it as a corporate applicant.

Apparently the business failed to remit to the State sales and use taxes which it had collected. Therefore, the Comptroller levied an assessment against Kim, as an officer of the corporation, in the amount of $16,417.06, pursuant to Maryland Code (1988, 1997 Repl.Vol.), § 11–601 of the Tax–General Article. Section 11–601(d)(1)(i) provides for personal liability on the part of the "president, vice president or treasurer" of a corporation which fails to remit sales and use taxes to the Comptroller.

Kim contested the assessment in the Maryland Tax Court, which affirmed the assessment. Kim argued in the Tax Court that he should not be subject to personal liability under § 11–601(d)(1)(i) because he was not really the vice president of the corporation although he did sign the liquor license application in that capacity as an accommodation to Schiller. At the conclusion of a hearing held on December 6, 1995, the judge of

Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of the opinion.

the Tax Court orally ruled that the assessment was proper but that the penalties should be waived. The judge also directed the Assistant Attorney General representing the Comptroller to prepare a written order to that effect.

On December 11, 1995, Kim filed in the Circuit Court for Anne Arundel County a petition for judicial review of the Tax Court's decision. The petition requested "judicial review of the oral denial of appeal ... made by [the Tax Court] on December 6, 1995." Subsequently, on December 18, 1995, the Tax Court entered its written order "that the assessment levied by the Comptroller, including interest, be and the same is hereby AFFIRMED. Penalty is to be abated." Kim then filed in the circuit court, on January 17, 1996, a memorandum in support of his petition for judicial review. This memorandum was captioned "Petition of James Kim ... For Judicial Review of the Decision of the Maryland Tax Court in the case of: James Kim ... vs. Comptroller of the Treasury." Finally, on January 22, 1996, the Comptroller filed its response to Kim's petition for judicial review and a motion to dismiss the petition as premature because it was filed before entry of the Tax Court's written order. The Comptroller relied on cases dealing with premature appeals from trial courts to appellate courts.[1]

After a hearing, the circuit court granted the Comptroller's motion to dismiss Kim's judicial review action as premature. The circuit court, relying upon *Rohrbeck v. Rohrbeck*, 318 Md. 28, 566 A.2d 767 (1989), concluded that the final order by the Tax Court was entered on December 18, 1995, when the written order was filed, and not when the Tax Court judge

---

1. Although not briefed or argued by either of the parties, we note that, while the Comptroller mails notice of the filing of the petition" to the parties. According to its certificate of compliance filed with the circuit court, the Tax Court mailed notice of the filing of the petition for judicial review to the parties on December 19, 1995. Therefore, the Comptroller was required to file its response by January 18, 1996. *See* Rule 1–203(a) (computation of time after an event). The Comptroller, however, filed its response four days late, on January 22, 1996.

ruled from the bench. In *Rohrbeck,* 318 Md. at 42, 566 A.2d at 774, we stated that

> "whenever the court, whether in a written opinion or in remarks from the bench, indicates that a written order embodying the decision is to follow, a final judgment does not arise prior to the signing and filing of the anticipated order unless (1) the court subsequently decides not to require the order and directs the entry of judgment in some other appropriate manner or (2) the order is limited to be collateral to the judgment."

The circuit court concluded, therefore, that the request for judicial review filed by Kim on December 11, 1995, was premature, and dismissed the judicial review action, stating that "[s]ince no petition for judicial review was filed subsequent to December 18, 1995, the matter has not been appealed from the administrative agency." Kim appealed, and this Court issued a writ of certiorari before consideration of the case by the Court of Special Appeals. *Kim, Red Rib Ltd. v. Comptroller,* 344 Md. 328, 686 A.2d 634 (1996).

## II.

Judicial review of decisions of the Maryland Tax Court is statutorily authorized by Code (1988, 1997 Repl.Vol.), § 13–532(a)(1) of the Tax–General Article, which states that "[a] final order of the Tax Court is subject to judicial review as provided for contested cases in §§ 10–222 and 10–223 of the State Government Article."[2] The procedures for bringing a judicial review action from the Tax Court are contained in Maryland Rules 7–201 *et seq.* Rule 7–203(a) specifies the time for filing a statutorily authorized judicial review action, stating as follows:

---

**2.** Sections 10–222 and 10–223 of the State Government Article are part of the Administrative Procedure Act; they set forth generally the procedures to be followed by the court in conducting judicial review actions in contested cases, and provide for an appeal to the Court of Special Appeals.

"Except as otherwise provided in this Rule or by statute, a petition for judicial review shall be filed within 30 days after the latest of:

"(1) the date of the order or action of which review is sought;

"(2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner; or

"(3) the date the petitioner received notice of the agency's order or action, if notice was required by law to be received by the petitioner."

In the instant case, the Tax Court was required by law to send its written order to Kim and the Comptroller. Section 13–529 of the Tax–General Article states as follows:

"(a) In each appeal, the Tax Court shall issue a written order that sets forth its decision.

"(b) Each order of the Tax Court shall be filed with its clerk.

"(c) The clerk of the Tax Court shall certify the order in an appeal and mail a copy of the certified order to:

"(1) each party to the appeal; and

"(2) the tax determining agency from which the appeal is taken."

Therefore, under the statute and Rule 7–203(a)(2), the relevant date governing the timeliness of an action for judicial review was the date the written order of the Tax Court was filed and mailed to the parties. Although it is somewhat unclear from the record, it appears that the written order was mailed to Kim on December 18, 1995, the day the order was entered. Thus, Kim's petition for judicial review should have been filed within 30 days after December 18, 1995.

We agree with the circuit court that the final agency action subject to judicial review was the entry and mailing of the written order on December 18, 1995. As indicated previously, under § 13–532(a)(1) of the Tax–General Article, only a *final* order of the Tax Court is subject to judicial review.

Ordinarily an agency order is not final when it is contemplated that there is more for the agency to do. *Holiday Spas v. Montgomery County,* 315 Md. 390, 396, 554 A.2d 1197, 1200 (1989). *See also Maryland Comm'n on Human Rel. v. B.G. & E. Co.,* 296 Md. 46, 56–57, 459 A.2d 205, 211–212 (1983).

In the instant case, the Tax Court's December 6, 1995, ruling from the bench was not a final order because more remained for the Tax Court to do, such as filing a written order and mailing it to the parties. Kim should have waited to file his petition for judicial review until all these steps were completed and the Tax Court's order became final.

### III.

Contrary to the position of the circuit court, however, we do not believe that the prematurity determination completes the analysis of this case. For the reasons set forth below, the circuit court erred in dismissing the action for judicial review.

### A.

Both the circuit court and the Comptroller improperly relied upon decisions dealing with the effect of the premature filing of an appeal. Although often misinterpreted to be an appeal, this Court has repeatedly emphasized that an action for judicial review of an administrative decision is an *original* action. It is *not* an appeal. *See, e.g., Driggs Corp. v. Maryland Aviation,* 348 Md. 389, 399, 704 A.2d 433, 438 (1998) ("As we have made clear, a petition for judicial review of an administrative order invokes the original, not the appellate, jurisdiction of the circuit court"). *See also, e.g., Gisriel v. Ocean City Bd. of Supervisors of Elections,* 345 Md. 477, 493–496, 693 A.2d 757, 765–767 (1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998), and cases there cited; *Shell Oil Co. v. Supervisor,* 276 Md. 36, 43–47, 343 A.2d 521, 525–528 (1975) (because the Tax Court is an administrative agency exercising quasi-judicial functions, "review of a Tax Court decision is an exercise of original and not appellate judicial jurisdiction").

■ Because judicial review is an original action and not an appeal, the Comptroller's and the circuit court's reliance on cases dealing with the premature filing of appeals was inappropriate. The time requirements for filing appeals are ordinarily treated as jurisdictional in nature. *See, e.g., Blake v. Blake,* 341 Md. 326, 338, 670 A.2d 472, 478 (1996), quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178, 185 (1988), (" 'The time of appealability [has] jurisdictional consequences' "); *Dabrowski v. Dondalski,* 320 Md. 392, 398, 578 A.2d 211, 214 (1990); *Walbert v. Walbert,* 310 Md. 657, 662, 531 A.2d 291, 293 (1987), quoting *Houghton v. County Comm'rs of Kent County,* 305 Md. 407, 413, 504 A.2d 1145, 1148 (1986) ("We have repeatedly stated that the timeliness of an order of appeal is 'jurisdictional,' and that if an appeal is not filed within the prescribed time, 'the appellate court acquires no jurisdiction and the appeal must be dismissed' "), and cases there cited.

Therefore this Court has held, absent a special statute or rule dealing with the matter, that a prematurely filed appeal must be dismissed by an appellate court because the appellate court has no jurisdiction over the matter. *See, e.g., Makovi v. Sherwin–Williams Co.,* 311 Md. 278, 282–283, 533 A.2d 1303, 1305 (1987); *Blucher v. Ekstrom,* 309 Md. 458, 463, 524 A.2d 1235, 1237 (1987) ("Under a long line of this Court's decisions, when an order of appeal is filed *before* the appealable judgment, the order of appeal is of no force and effect. There must still be an order of appeal filed *after* the appealable judgment *to confer appellate jurisdiction* ") (emphasis added); *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford,* 307 Md. 1, 38 n. 17, 511 A.2d 1079, 1098 n. 17 (1986) (a "premature . . . order of appeal would . . . not confer appellate jurisdiction").[3]

■ The same cannot be said, however, of a prematurely filed petition for judicial review, because the time requirements for filing a petition for judicial review are not jurisdic-

---

**3.** The principle applied in these cases has been modified, under certain circumstances, by Rule 8–602(d) and (e). *See, e.g., Waters v. U.S.F. & G.,* 328 Md. 700, 709, 616 A.2d 884, 888 (1992).

tional. It is in the nature of a statute of limitations. As the Committee note to Rule 7–203 states, "[t]he time for initiating an action for judicial review is in the nature of a statute of limitations." *See also, e.g., Colao v. County Council,* 346 Md. 342, 362, 697 A.2d 96, 106 (1997) ("filings of petitions for judicial review are ... governed by ... the law relating to statutes of limitations"); *United Parcel v. People's Counsel,* 336 Md. 569, 579–580, 650 A.2d 226, 231 (1994). Statutes of limitations are not ordinarily jurisdictional, and are generally waivable, including the 30–day time limit for filing a petition for judicial review. *Colao v. County Council, supra,* 346 Md. at 364, 697 A.2d at 107 ("the 30–day requirement for filing the petition [is] in the nature of an absolute statute of limitations, subject to waiver by failure of a respondent to raise the defense in a proper manner"). Because the 30–day require- ment of Rule 7–203 is not jurisdictional, it was improper for the circuit court and the Comptroller to rely on cases concern- ing the timeliness of notices of appeal.

### B.

In a case such as this, where a petition for judicial review is filed prematurely because the agency action is not yet final, but where there is final agency action before any proceedings are undertaken in the circuit court, it is improper to dismiss the petition as premature.

In *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford, supra,* 307 Md. 1, 511 A.2d 1079, an employee of the Maryland–National Capital Park and Planning Commission brought an action for damages and injunctive relief after being denied a transfer allegedly because of her race. She filed her action before she had fully exhausted her administrative remedies under the Commission's employment grievance system. Thus, she filed "the court suit more than two months before the final adminis- trative decision." 307 Md. at 16, 511 A.2d at 1087. The Commission filed a demurrer based on the employee's failure to exhaust her administrative remedies before bringing the court action. This Court held that the circuit court properly overruled the demurrer because "trial was held more than six

weeks after the Merit System Board issued its final deci-
sion. . . . Hence the plaintiff reached the exhaustion point
contended for by the Commission by the time trial was held."
307 Md. at 17, 511 A.2d at 1087. We stated (307 Md. at 18,
511 A.2d at 1087–1088):

> "In addition, in situations like that in the present case,
> where there is both an administrative remedy and an inde-
> pendent judicial remedy (*i.e.*, a specific judicial remedy
> exists other than judicial review of the administrative deci-
> sion), where the administrative agency may have primary
> jurisdiction, and where the plaintiff invokes the judicial
> remedy prior to exhausting the administrative procedures, it
> has been held that the trial court may retain jurisdiction
> pending exhaustion of the administrative procedures. . . .
> Once the administrative procedures are exhausted, the trial
> court may proceed; the plaintiff whose case is meritorious
> may be entitled to whatever relief is available under either
> the independent judicial action or the administrative/judicial
> review remedy."

*See also McCullough v. Wittner,* 314 Md. 602, 612–613, 552
A.2d 881, 886 (1989); *Board of Ed. for Dorchester Co. v.
Hubbard,* 305 Md. 774, 792, 506 A.2d 625, 634 (1986); *Offutt v.
Montgomery Co. Bd. of Ed.,* 285 Md. 557, 562, 404 A.2d 281,
284 (1979).

Recently, in *Goicochea v. Langworthy,* 345 Md. 719, 729, 694
A.2d 474, 479, *cert. denied,* —— U.S. ——, 118 S.Ct. 321, 139
L.Ed.2d 249 (1997), we recognized a similar principle in the
medical malpractice arbitration context. The Maryland
Health Care Malpractice Claims Act, Code (1974, 1995 Repl.
Vol., 1997 Supp.), §§ 3–2A–01 through 3–2A–09 of the Courts
and Judicial Proceedings Article, requires "the submission of
[medical] malpractice claims against health care providers to
an arbitration proceeding as a condition precedent before
maintaining a tort action in the circuit court." 345 Md. at 725,
694 A.2d at 477. In *Langworthy,* we stated that the normal
procedure to be followed when a tort action is filed in the
circuit court prior to completion of the arbitration process,
rather than to dismiss the tort action, is to "stay the civil

action pending the conclusion of arbitration proceedings." 345 Md. at 729, 694 A.2d at 479. *See also Jewell v. Malamet,* 322 Md. 262, 276, 587 A.2d 474, 481 (1991).

Just this term in *Driggs Corp. v. Maryland Aviation, supra,* 348 Md. 389, 704 A.2d 433, we had occasion to consider the proper remedy when a judicial review action is filed prematurely. In *Driggs,* a government contractor brought an action for judicial review of a decision by the Board of Contract Appeals which had decided that a government agency had properly terminated its contract for default. The circuit court dismissed the judicial review action on the ground that the contractor had acquiesced in the Board's decision. This Court, however, held that there had been no acquiescence but that the petition for judicial review had been filed prematurely because issues remained to be resolved by the Board. Faced with this premature filing of an action for judicial review, Judge Wilner, writing for the Court, concluded that the proper course of action was as follows (348 Md. at 408, 704 A.2d at 443) (emphasis added):

"Accordingly, we shall vacate the circuit court judgment . . . and remand the case to the circuit court. If the damages issue has not yet been resolved by [the Board of Contract Appeals], the court shall dismiss the petition as being premature and remand the matter to [the Board] for a final decision. *If, by now, the damages issue has been resolved by [the Board], the court should allow Driggs to file a new petition or amend the existing one, as appropriate, and then proceed in accordance with § 10–222 and the applicable rules to provide judicial review.*"

This view is in accord with the general approach adopted by many courts which have considered the issue of the premature filing of an original action. As the Supreme Court of California stated in *Radar v. Rogers,* 49 Cal.2d 243, 250, 317 P.2d 17, 21 (1957), "if the stated ground [of prematurity] does not exist at the time of trial it may be disregarded." Other cases taking the position that premature original actions should not be dismissed under the circumstances presented include, *e.g., Moore v. Fellner,* 50 Cal.2d 330, 343, 325 P.2d 857, 864 (1958);

*Archibald v. Iacopi,* 120 Cal.App.2d 666, 669, 262 P.2d 40 (1953); *Warren v. Shands Teaching Hosp.,* 700 So.2d 702, 705 (Fla.Dist.Ct.App.1997); *Latin Express Service, Inc. v. Florida Dept. of Revenue,* 660 So.2d 1059, 1060 (Fla.Dist.Ct.App.1995); *Hindman v. Reaser,* 246 Iowa 1375, 1382, 72 N.W.2d 559, 563 (1955); *Thompson v. Meyers,* 211 Kan. 26, 33–34, 505 P.2d 680, 686 (1973); *Tanzilli v. Casassa,* 324 Mass. 113, 115, 85 N.E.2d 220, 221 (1949); *Boydstun v. Pearson,* 239 Miss. 479, 481–482, 123 So.2d 621, 622–623 (1960).[4]

## C.

An alternative reason for reversing the circuit court's decision is that Kim in fact made a filing sufficient to constitute a petition for judicial review within thirty days after the final action by the Tax Court. As noted earlier, on January 17, 1996, Kim filed a memorandum in support of his petition for judicial review. This memorandum was captioned "Petition of James Kim … For Judicial Review of the Decision of the Maryland Tax Court in the case of: James Kim … vs Comptroller of the Treasury." The memorandum contained a statement of the facts underlying the disputed assessment as well as a discussion of the decision and order of the Tax Court. Thus, the memorandum unquestionably contained sufficient information to satisfy the requirements of Rule 7–202(c), which states as follows:

> "The petition shall request judicial review, identify the order or action of which review is sought, and state whether the petitioner was a party to the agency proceeding. If the petitioner was not a party, the petition shall state the basis of the petitioner's standing to seek judicial review. No other allegations are necessary."

---

**4.** A minority of cases have held that the premature filing of a suit cannot be cured by the accrual of a cause of action before the court considers the suit. *See, e.g., American Bonding and Trust Co. v. Gibson County,* 145 F. 871, 874 (6th Cir.1906); *Werber v. Atkinson,* 84 A.2d 111, 113 (D.C.1951); *City Inv. Co. v. Williams,* 171 La. 848, 850–851, 132 So. 367, 368 (1931); *Sutton v. Anderson,* 176 Neb. 543, 546, 126 N.W.2d 836, 839 (1964).

This Court has previously found filings of much less substance than Kim's memorandum to be sufficient to constitute pleadings instituting actions or seeking relief. *See, e.g., Gluckstern v. Sutton,* 319 Md. 634, 650–651, 574 A.2d 898, 906, *cert. denied,* 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990) ("memorandum of law" filed subsequent to court order treated as a "motion under Rule 2–535(a) to revise the judgment"); *Office of Fin., Balto. Co. v. Previti,* 296 Md. 512, 463 A.2d 842 (1983) (a letter sent to the county attorney and forwarded to the District Court deemed sufficient to constitute an original pleading instituting an action in the District Court).

The memorandum filed by Kim was sufficient to be treated as a petition for judicial review. Furthermore, because Kim filed his memorandum on January 17, 1996, within thirty days *after* the Tax Court's final action, Kim met the timeliness requirements of Rule 7–203(a).

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE RESPONDENT.*