897 A.2d 288

**J.T.W.**

v.

**CENTRE INSURANCE COMPANY et al.**

**No. 446, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

April 28, 2006.

James T. Walker, LaPlata, for appellant.

J. Paul Mullen, Harold A. MacLaughlin, Marc A. DeSimone, Jr., Lord & Whip, PA, Baltimore, for appellee.

Panel: HOLLANDER, KENNEY, and SHARER, JJ.

KENNEY, J.

Appellant, J.T.W.,[1] appeals the decision of the Circuit Court for Charles County dismissing his petition for judicial review of a decision by the Maryland Insurance Administration in favor of appellee, Centre Insurance Company. He presents one question for our review:

Did the Circuit Court Judge Err in Dismissing Appellant's Petition for Judicial Review as Untimely?

For the following reasons, we shall vacate the circuit court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

In April 2002, a tornado swept through La Plata in Charles County, damaging J.T.W.'s home and destroying various items of personal property. Disputes about the proper amount of coverage under J.T.W.'s insurance policy with Centre resulted in a settlement agreement in June 2003. In October 2003 and March 2004, J.T.W. filed complaints with the Maryland Insurance Administration ("the Administration"), challenging Centre's compliance with the settlement agreement and the terms of the insurance policy. The Administration determined that Centre had not violated the Insurance Code. After J.T.W. requested hearings on the Administration's decision, the mat-

---

1. According to the decision of the administrative law judge, "[t]he Complainant's name has been redacted because the [Maryland Insurance Administration] sealed the file to preserve the confidentiality of any information."

ters were consolidated and referred to the Office of Administrative Hearings ("OAH").

After a hearing on July 28–29, 2004, the administrative law judge upheld J.T.W.'s complaint in part. OAH informed J.T.W. of the administrative law judge's decision in a letter dated October 14, 2004. The letter stated that it superseded an earlier letter, and that the enclosed decision was "the final decision of the Maryland Insurance Administration." The letter informed J.T.W. of his right to judicial review in the circuit court:

> Any party aggrieved by this Final Decision contained in the Insurance Commissioner's Order on Hearing may file an appeal to the Circuit Court for Baltimore City, or if the party is an individual, to the circuit court where the individual resides. The appeal must be filed within thirty (30) days of mailing or delivery by filing an original and a copy of a petition for judicial review with the circuit court.

The administrative law judge's decision also included a statement of "review rights":

> A party aggrieved by this final decision of the Maryland Insurance Administration may file a petition for judicial review with the Circuit Court for Baltimore City, or if the party is an individual, to the circuit court where the individual resides, within thirty (30) days after delivery of the decision.

The letter in which the order was enclosed was mailed to J.T.W.'s La Plata address. It is undisputed that OAH mailed the letter and order on October 14, 2004, and that they were received by J.T.W. on October 20, 2004. J.T.W. filed a petition for judicial review in the Circuit Court for Charles County on November 19, 2004. The Maryland Insurance Commissioner joined the case as a party by filing a response to J.T.W.'s petition.

Centre moved to dismiss J.T.W.'s appeal on the basis that his petition for judicial review was untimely. Centre contended that because OAH had mailed the letter and decision on October 14, but J.T.W. had not filed his petition for judicial

review until November 19, his filing failed to comply with the thirty day limit on time to appeal. In response, J.T.W. stated that he no longer resided at the La Plata address, which he described as a "vacant lot." According to J.T.W., he did not receive the letter and decision until October 20, when he retrieved the mail from the La Plata address. He contended that the thirty day limit began to run on that date, not the date of mailing.

The court held a hearing on April 14, 2004. J.T.W. argued that the thirty day limit began to run on the date of "delivery," i.e., the date he received the administrative law judge's decision. As authority, he pointed to statements in the letter and decision indicating that he had thirty days from the date of "delivery" to file a petition for judicial review. He also contended that his interpretation of the time limit was in accord with the relevant statutory law.

The court noted that statements by the administrative law judge were not authoritative on the point, and stated that the relevant statute "clearly state[s] 30 days after service. Service is mailing under the code." The court stated that it had no jurisdiction when there was an untimely petition for judicial review. Accordingly, it granted Centre's motion to dismiss, issuing an order to that effect the same day. J.T.W. noted this appeal on April 28, 2004.

## DISCUSSION

 Maryland Rule 7–202(a) states that "[a] person seeking judicial review [of an agency decision] shall file a petition for judicial review in a circuit court authorized to provide the review." Maryland Rule 7–203(a) states:

Except as otherwise provided in this Rule or by statute, a petition for judicial review shall be filed within 30 days after the latest of:

(1) the date of the order or action of which review is sought;

(2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner; or

(3) the date the petitioner received notice of the agency's order or action, if notice was required by law to be received by the petitioner.

J.T.W. contends that in this case "notice was required by law to be received by the petitioner," and thus, the date he received the Administration's decision triggered the thirty day time limit. Md. Rule 7–203(a)(3). Not surprisingly, Centre and the Commissioner argue that "notice was required by law to be sent to the petitioner," and therefore the date of mailing triggered the limit on time for the filing of a petition for judicial review. Md. Rule 7–203(a)(2). We agree with J.T.W. that the limit on his time to file began to run the date he received the administrative law judge's decision and order.

The time limit on the filing of a petition for judicial review of a decision of the Maryland Insurance Commissioner is provided for in Md.Code (1995, 2003 Repl.Vol.), § 2–215(d) of the Insurance Article ("Ins."), which states:

> To take an appeal, a person shall file a petition for judicial review with the appropriate circuit court within 30 days after:
>
> (1) the order resulting from the hearing was served on the persons entitled to receive it;
>
> (2) the order of the Commissioner denying rehearing or reargument was served on the persons entitled to receive it; or
>
> (3) the refusal of the Commissioner to grant a hearing.

Thus, in order to obtain judicial review, J.T.W. was required to file a petition for judicial review within thirty days following service of the order resulting from the hearing. Ins. § 2–215(d)(1).

In *Rockwood Cas. Ins. Co. v. Uninsured Employers' Fund*, 385 Md. 99, 867 A.2d 1026 (2005), the Court of Appeals concluded that the term "serve" implies actual receipt. *Rockwood* involved application of Ins. § 19–406(a), which required that, to cancel a workers' compensation insurance policy, the insured must "serve[ ] on the employer, by personal service or registered mail addressed to the last known address of the

employer, a *notice of intention to cancel the policy.*" Ins. § 19–406(a) (1997). The Court of Appeals determined that cancellation of a policy could be accomplished only by the insured's actual receipt of the notice:

> Section 19–406 of the Insurance Article requires the insurer to *serve* the employer with notice and gives the insurer two ways to accomplish service: personal service or service by certified mail. To "serve" is defined as, "[t]o make legal delivery of (a notice or process) . . . [t]o present (a person) with a notice or process as required by law. . . ." Black's Law Dictionary 1399 (8th ed.2004). The term implies actual receipt. If the Legislature intended some lesser standard, it could have just required the insurer to *send* or *mail* the notice to the employer by regular mail. Instead, it requires the insurer *to serve* the notice by personal delivery or by certified mail.

*Id.* at 109–110, 867 A.2d 1026 (footnote omitted).

The requirement that a petition for judicial review be filed within thirty days after the order "was served on the persons entitled to receive it," implies that the party must have actually received the order. Ins. § 2–215(d)(1). Consequently, "notice [is] required by law to be received by the petitioner," and the thirty day limit begins to run "the date the petitioner receive[s] notice of the agency's order or action." Md. Rule 7–203(a)(3).

Centre cites to *Kim v. Comptroller of the Treasury,* 350 Md. 527, 714 A.2d 176 (1998), which involved application of Maryland Rule 7–203(a). In *Kim,* the Maryland Tax Court mailed its order to Kim pursuant to a statute requiring that "[t]he clerk of the Tax Court shall certify the order in an appeal and mail a copy of the certified order to: (1) each party to the appeal; and (2) the tax determining agency from which the appeal is taken." Md.Code (1988, 1997 Repl.Vol.), § 13–529(c) of the Tax–General Article ("Tax–Gen."). The Court stated:

> In the instant case, the Tax Court was required by law to send its written order to Kim and the Comptroller. . . . Therefore, under the statute and Rule 7–203(a)(2), the rele-

vant date governing the timeliness of an action for judicial review was the date the written order of the Tax Court was filed and mailed to the parties. . . . Thus, Kim's petition for judicial review should have been filed within 30 days after [the date of mailing].

*Kim,* 350 Md. at 533, 714 A.2d 176. The result in *Kim* does not dictate the outcome here because, whereas the statute in *Kim* required the clerk to "mail a copy of the certified order," Tax–Gen. § 13–529(c), the controlling statute in this case states that the time limitation begins to run when the order "was served on" the parties. Ins. § 2–215(d)(1).

Section 2–214(b)(2) of the Insurance Article states that, following a hearing before the Commissioner[2] and the issuance of an order resulting from the hearing,[3] "[t]he Commissioner shall serve a copy of the order on the same persons that were served notice of the hearing." Insurance § 2–204(c) provides for service of orders or notices by the Commissioner: "An order or notice may be served on a person by: (1) mailing it to the person at the last known principal place of business of the person, as listed in the records of the Commissioner; or (2) otherwise delivering it to the person." In the case of a hearing conducted by OAH,[4] Code of Maryland Regulations ("COMAR") 31.02.02.10.C. states: "[OAH] shall send the administrative law judge's proposed or final decision directly to the parties and the Commissioner." Ins. § 2–204(c) and COMAR 31.02.02.10.C. describe acceptable methods of service of

---

**2.** Section 2–210 of the Insurance Article provides for hearings before the Commissioner.

**3.** Section 2–214(b) of the Insurance Article requires the Commissioner to issue an order within thirty days after a hearing.

**4.** Section 10–205(a)(1) of the State Government Article of the Maryland Code (1984, 2004 Repl.Vol.), and COMAR 31.02.02.01.B., permit the Commissioner to delegate the authority to hold a contested case hearing to OAH. The Commissioner may, at his or her discretion, delegate to OAH the authority to issue "[p]roposed findings of fact, proposed conclusions of law, and a proposed order" following the hearing, or "[f]inal findings of fact, final conclusions of law, and a final order." COMAR 31.02.02.01.B.(2).

the order resulting from a hearing. Those provisions do not, however, alter the requirement of Ins. § 2–215(d)(1) that a petition for judicial review must be filed within thirty days after the order "was served on the persons entitled to receive it."

We conclude that J.T.W. was served with the Commission's decision on October 20, 2004. He filed his petition for judicial review on November 19, 2004, the thirtieth day after service. Accordingly, the circuit court erred in dismissing his appeal as untimely.

■ Centre also asserts that the circuit court was required to dismiss J.T.W.'s appeal because of the absence of a necessary party. Centre contends that, because J.T.W. and his wife own the property at issue as tenants by the entirety, and because they are joint parties to the insurance policy, J.T.W. could not unilaterally petition for judicial review. In his reply brief, J.T.W. notes that this issue was not raised before the circuit court. Centre argues, however, that "the failure to join a necessary party in a lower [proceeding] is a defect which may be addressed for the first time on appeal."

■ Section 10–222(a)(1) of the State Government Article states that "a party who is aggrieved by the final decision in a contested case is entitled to judicial review of the decision." "In order to be entitled to judicial review in a contested case, one must both be a 'party' to the administrative proceedings and be 'aggrieved' by the final decision of the agency." *Med. Waste Assocs., Inc. v. Maryland Waste Coalition, Inc.,* 327 Md. 596, 611, 612 A.2d 241 (1992). The Court of Appeals has stated a broad standard for establishing oneself as a "party" to an administrative proceeding:

"Bearing in mind that the format for proceedings before administrative agencies is intentionally designed to be informal so as to encourage citizen participation, we think that absent a reasonable agency or other regulation providing for a more formal method of becoming a party, anyone clearly identifying himself to the agency for the record as having an interest in the outcome of a matter being consid-

ered by the agency, thereby becomes a party to the proceedings."

*Id.* (quoting *Morris v. Howard Research & Dev. Corp.*, 278 Md. 417, 423, 365 A.2d 34 (1976)). The Court of Appeals in *Med. Waste Assocs.* noted that previous case law had established that a person can become a party to an administrative proceeding by merely appearing and testifying at a hearing, submitting the person's name as a protestant, submitting a letter of protest into evidence, or identifying himself or herself on the record as a party. *Med. Waste Assocs.*, 327 Md. at 612, 612 A.2d 241.

In this case, the record of the hearing before the administrative law judge indicates that J.T.W.'s wife was present at the hearing and was sworn in as a witness. She testified before the administrative law judge and was cross-examined by Centre. The administrative law judge's decision indicates that he viewed J.T.W.'s wife as a party. In a footnote on the first page of the decision, the administrative law judge states: "JTW was the named Complainant, however, his wife was alleged to be equally aggrieved by the Licensee's actions. In this decision, reference to the 'Complainants' indicates both, while reference to the 'Complainant' indicates JTW alone." In our view, the presence of JTW's wife, along with her testimony at the hearing, were sufficient to establish that she was a party at the administrative level, and Centre does not appear to argue otherwise.

Maryland Rule 7–202(a) requires that, to obtain judicial review, a party must "file a petition for judicial review in a circuit court authorized to provide the review." With respect to multiple petitioners, Maryland Rule 7–203(b) provides: "If one party files a timely petition, any other person may file a petition within ten days after the date the agency mailed notice of the filing of the first petition, or within the period set forth in section (a), whichever is later."

 A party at the administrative level " 'remains a party to the proceedings [including judicial review] until [it] either abandons this status . . . or is dismissed as a party by order

502 generated by a motion to accomplish this result filed by an

... generated by a motion to accomplish this result filed by an adverse party. . . .' " *Med. Waste Assocs.*, 327 Md. at 612, 612 A.2d 241 (quoting *Morris*, 278 Md. at 423, 365 A.2d 34). A party can abandon his or her status as a party by failing to file a responsive pleading to a petition for judicial review. *State Farm Mut. Auto. Ins. Co. v. Ins. Comm'r*, 283 Md. 663, 668–69, 392 A.2d 1114 (1978); *Morris*, 278 Md. at 423, 365 A.2d 34. In our view, the same is true of a would-be petitioner. If there are multiple parties on one side at the administrative level, and one of the parties files a petition for judicial review, another party could abandon her status as a party by failing to file a petition. *See Egloff v. County Council of Prince George's County*, 130 Md.App. 113, 128–34, 744 A.2d 1083 (2000) (holding that a party to an administrative proceeding failed to effectively obtain judicial review where the party filed a response to another party's petition, rather than a separate petition).

J.T.W.'s petition for judicial review names only himself, and he does not now dispute Centre's contention that his wife did not petition for judicial review. We are not persuaded that her absence requires dismissal of J.T.W.'s appeal.

In *State Farm*, an insurer sought judicial review of a decision by the Insurance Commissioner. Although the insured was served with copies of its petition and the order for appeal, the insured did not respond and did not appear before the court. The insurer later appealed the court's decision to this Court. We dismissed the appeal for " 'want of a necessary party,' " noting that " 'the order for appeal does not include Mr. Morris as an appellee nor was service of the order for appeal made upon Morris.' " *State Farm*, 283 Md. at 667, 392 A.2d 1114.

The Court of Appeals reversed. The Court determined that the insured had abandoned his status as a party by failing to respond to the insurer's petition for judicial review. Because he was no longer a party to the case, the insurer was not required to name him as an appellee or effect service on him. Further, the predecessor to Ins. § 2–215(b) and (e) stated:

Any person who was a party to [an agency] hearing, or whose pecuniary interests are directly and immediately affected by any such order or refusal and who is aggrieved thereby may ... appeal from such order or hearing or such refusal of a hearing.... An appeal taken pursuant to this subsection shall be captioned in the name of the person filing the appeal, as the party appellant, versus the Insurance Commissioner of the State of Maryland, as the party appellee. In all such appeals, the Commissioner shall be a necessary party appellee. In addition to the person filing the appeal and the Commissioner, any other person whose pecuniary interests are or may be directly and immediately affected by the matter on appeal, or who may be aggrieved thereby, upon application to the court, may be deemed an additional party appellant or appellee, as the court directs.

Md.Code (1957, 1972 Repl.Vol.), Art. 48A, § 40(1). The Court therefore concluded:

This provision clearly refutes the holding of the Court of Special Appeals that [the insured] was "a necessary party" entitled to service of the order of appeal to the Court of Special Appeals. Under the language of § 40(1), the Insurance Commissioner was the only *necessary* party to the proceeding in the Baltimore City Court.

*State Farm,* 283 Md. at 669, 392 A.2d 1114.

Ins. § 2–215(b), which is entitled "Authorized appellants," currently states: "An appeal under this subtitle may be taken by: (1) a party to the hearing; or (2) an aggrieved person whose financial interests are directly affected by the order resulting from a hearing or refusal to grant a hearing." Ins. § 2–215(e), entitled "Caption; parties," provides:

(1) An appeal under this subtitle shall be captioned in accordance with the Maryland Rules.

(2) On application to the court, any person may be added as a party, as the court directs, if:

(i) the financial interests of the person are or may be directly affected by the matter on appeal; or

(ii) the person may be aggrieved by the matter on appeal.

**504**

The statute governing judicial review of decisions by the Insurance Commissioner no longer mandates that the Commissioner or any other party is a necessary party. Thus, J.T.W.'s wife's abandonment of her party status did not require the circuit court to dismiss J.T.W.'s appeal of the administrative decision. Nevertheless, to the extent that the wife's interests may be ultimately affected by the appeal, she may, upon "application to the court," be added as a party. Ins. § 2–215(e)(2).

**JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**