In the Matter of the Claim of MILDRED Moss, Respondent, against P. A. TRUCKING Co. et al., Appellants, and COSMOPOLITAN MUTUAL CASUALTY COMPANY OF NEW YORK, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 20, 1954.

*Morgan F. Bisselle* and *Warren C. Tucker* for Michigan Mutual Liability Company, appellant.

*E. F. W. Wildermuth* and *Michael F. Horgan* for P. A. Trucking Co., appellant.

*Emanuel E. Morgenbesser* for Cosmopolitan Mutual Casualty Company of New York, respondent.

*Markhoff & Isaacson* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Decedent Moss was employed as driver of a truck making grocery deliveries from New York City to resorts in Sullivan County. He had made two deliveries late in the day on May 19, 1949, one in Glenwild and one at South Fallsburgh. At nine o'clock at night he telephoned his employer from Liberty for instructions. The next delivery was to be made at Livingston Manor, which is situated west of Liberty.

The employer instructed Moss to " pack in " for the night. This is described to us as meaning that he was to find a place to sleep in the truck off the road. At about 2:40 A.M. the truck was in a collision and Moss and a fellow employee were killed. The place of the accident was some miles east of Liberty, near

Monticello, but the truck was then actually proceeding westerly in the road in the direction of the next place of delivery at Livingston Manor.

There is proof from which it is possible to infer that these two employees stopped at a grill east of the place of accident and made a phone call; a witness thought they had been drinking and "appeared" to be drunk. There is no certain identity, however, of the men as the decedent and his fellow worker. Identity rests on some inferences which might be drawn, including the observation that both men were negroes. There was no proof in the record, however, that these men had any intoxicating beverage to drink at any time.

We regard the record as sufficient to sustain a finding that the accident occurred in the course of employment. Decedent was in the general area in which his deliveries had been made the day before and in which deliveries were to be made next day; he must be deemed to have had some latitude as to where he would select to sleep in the truck; it was reasonable to assume both that he might eat or rest before sleeping for the night and that he might search somewhat for a suitable place to sleep. In the light of the general presumption arising from his death, that it occurred in the course of employment, we think the board was not required to find a deviation sufficient to rule the accident was outside the scope of employment.

The policy of compensation insurance issued by appellant Michigan Mutual Liability Company ran from January 1, 1949, to January 1, 1950. On April 4, 1949, a notice was mailed by the company to the insured employer advising that the policy was cancelled effective April 16, 1949. Notice was also sent the Rating Board of the Workmen's Compensation Board. The notice was mailed to the employer by ordinary mail.

There is no proof in the record that the employer actually received this notice thus mailed. Proof that the employer knew after this accident that the policy had been cancelled is not proof that the notice mailed April 4th had been received. The statute directs that " No contract of insurance issued " for workmen's compensation liability " shall be cancelled " unless notice be served on the employer (Workmen's Compensation Law, § 54, subd. 5). Service must be personal service or service made by registered mail. The exact language of the statute prohibits cancellation unless " notice " is " served ". This requirement has had a literal construction. (*Matter of Horn* v. *Malchoff,* 276 App. Div. 683.)

The decision and award should be affirmed, with costs to respondent Workmen's Compensation Board.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.