## MOORE AND JENKINS *v.* LONDON GUARANTEE & ACCIDENT CO., LTD.

[No. 172, September Term, 1963.]

426

*Decided January 30, 1964.*

The cause was argued before HENDERSON, HAMMOND, HOR-NEY, MARBURY and SYBERT, JJ.

*Walter C. Anderson,* with whom were *Richardson & Rogan* and *Webb & Travers* on the brief, for appellants.

Submitted on the brief by *Porter & Cullen,* for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented on this appeal is whether the London Guarantee & Accident Company (insurer) was still the compensation insurance carrier for Raymond H. Jenkins (employer) at the time of the injury of Earl B. Moore (claimant).

The claimant, who was injured while working for the employer on May 10, 1962, filed a claim with the Workmen's Compensation Commission (Commission), and was awarded $40 per week as temporary total disability. Subsequently, the insurer sought a hearing to determine whether it was the insurer on the date of the accident under the standard workmen's compensation and employer's liability policy it had issued to the employer. At the hearing, the Commission found that the policy afforded coverage to the employer until May 15, 1962. On appeal, the Circuit Court for Wicomico County reversed the finding and held that the policy had been cancelled prior to the date of the accident, and entered judgment in favor of the insurer for costs.

The record discloses that a policy numbered US 52-40-78 was issued by the insurer to the employer for the period of one year from January 16, 1962. The premium thereon not having been promptly paid, the insurer, on March 7, 1962, sent the employer a notice that the policy would be cancelled as of March 19, 1962. Ten days later the Commission received from the insurer a notice of cancellation effective May 5, 1962. Although the notice to the Commission contained the correct policy date, name of employer, location of employer's business and name of the insuring company, it listed the number of the policy as US 52470 and did not describe the nature of the business of the employer. This notice, with an explanatory memo-

randum attached, was returned to the insurer. A second corrected notice, dated March 29, 1962, as was the first notice, was sent to and was received by the Commission on April 16, 1962. Although the corrected notice specified May 5, 1962, as the effective date of cancellation, as did the first notice, the Commission, allowing thirty days from the date of the receipt of the corrected notice, entered in their records May 15, 1962, as the effective date of cancellation of the policy.

On the appeal by the claimant and employer to this Court, the questions presented are: (i) whether the notice of cancellation sent to the Commission was sufficient to meet the requirements of the statute; and (ii) whether the notice of cancellation sent to the employer was sufficient to meet such requirements.

### (i)

The procedure which an insurer must follow in order to cancel compensation insurance under the law is set forth in Code (1957), Art. 101, § 19(e), and provides in pertinent part that:

> "No contract of insurance issued by a stock company or mutual association against liability arising under this [Workmen's Compensation] article shall be cancelled within the time limited in such contract for its expiration until at least thirty days after notice of intention to cancel such contract, on a date specified in such notice, shall be filed in the office of the Commission and also served on the employer. Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence * * *."

Where, as here, the procedures for cancelling workmen's compensation insurance is prescribed by statute, it is generally held that strict compliance with the statute is necessary in order to effect a valid cancellation. See the cases collected in the annotation in 107 A.L.R. 1514. Although we have not heretofore had occasion to apply this rule of construction to the cancellation of a workmen's compensation insurance policy, we did

say in *German Fire Ins. Co. v. Clarke,* 116 Md. 622, 82 Atl. 974 (1911), a case involving the cancellation of fire insurance, that where the policy provides the conditions upon which the right of the company to cancel its policy rests, such conditions " 'must be strictly construed and strictly performed.' " With respect to workmen's compensation, the statute (§ 63 of Art. 101) requires that the law be "so interpreted and construed as to effectuate its general purpose." See also *Crowner v. Balto. Butchers Ass'n.,* 226 Md. 606, 175 A. 2d 7 (1961).

In *Scott v. Hoage,* 73 F. 2d 114 (D. C. 1934), a case involving the construction of the provisions of the Longshoreman's and Harbor Workers Act pertaining to the cancellation of compensation insurance (which in effect are the same as the provisions of the Maryland Workmen's Compensation Act) under circumstances which are almost identical with those in the case at bar, the Court of Appeals of the District of Columbia, in reversing the administrative officer on the ground that he had erred as a matter of law, had this to say, at p. 117:

> "It is probable that the mistake in numbers was the result of clerical error only. Nevertheless we think that misdescription of the policy number in the notice [of cancellation] vitiates it. The duty rests upon the company to send a correct notice, and inasmuch as it failed to do so in this case, it did not accomplish the purpose for which it was sent."

Under the rationale enunciated in *Scott v. Hoage,* it is clear that the incorrect first notice given by the insurer to the Commission —to the effect that the number of the policy to be cancelled was US 52470 instead of US 52-40-78 which was the policy number of the compensation insurance then in force—was insufficient and therefore did not constitute a notice of cancellation within the meaning of § 19(e) of Art. 101. Inasmuch as strict compliance with § 19(e) is mandatory in order to effectively cancel a compensation insurance policy, it was necessary for the insurer to send the Commission a correct "notice of intention to cancel such contract" at least thirty days prior to the stated effective date of cancellation. Since the Commission did not receive the corrected notice until April 16, 1962, the insurer

was precluded from cancelling its compensation insurance policy "until at least thirty days after notice," which, according to the Commission, was May 15, 1962. And since the date of the accident, May 10, 1962, was within the thirty-day "waiting" period, it follows that the London Guarantee & Accident Company was still the insurer on the date the claimant was injured, and we so hold.

(ii)

With the aforegoing holding we need not decide in this case whether the notice of cancellation sent to the employer was sufficient to meet the requirements of § 19(e), *supra.*

> *The judgment of the Circuit Court is reversed; the supplemental order of the Commission, dated January 22, 1963, is reinstated and affirmed, and the case is remanded for such further proceedings as are still required, if any; the appellee to pay the costs.*