■ In the Matter of the Claim of SILAS LAZIER, Respondent, v ALEX ZAWASKI et al., Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 27, 1982, which held that National Grange Mutual Insurance Company was the employer's carrier on the date of claimant's accident. The sole question raised on this appeal is whether National Grange Mutual Insurance Company successfully terminated or canceled its workers' compensation insurance contract with the employer prior to claimant's accident on October 10, 1978. Cancellation and termination of insurance contracts providing workers' compensation coverage are governed by subdivision 5 of section 54 of the Workers' Compensation Law. As it existed in 1978, the statute provided that "No insurer shall refuse to renew any policy insuring against liability arising under this chapter unless at least thirty days prior to its expiration notice of intention not to renew has been filed in the office of the chairman and also served on the employer". In the instant case, National Grange had a contract to provide workers' compensation coverage for the employer until September 28, 1978. Although it concedes that an attempt on September 19, 1978 to cancel coverage effective October 7, 1978 was invalid due to its failure to serve the proper notice on the employer, National Grange argued before the hearing officer and the board that this error was without legal effect since it had already terminated the employer's insurance coverage by actions taken on August 28, 1978. On that date, in an attempt to comply with the provisions of subdivision 5 of section 54 of the Workers' Compensation Law, National Grange sent notices of its intention not to renew the insurance contract to both the employer and the Workers' Compensation Board. There is documentary evidence indicating that the employer received its copy of the notice on August 29, 1978, exactly 30 days prior to the contract's expiration date. There is no documentary evidence in the record, however, indicating when a copy of this notice was filed in the office of the Chairman of the Workers' Compensation Board. The sole evidence on the question of when the notice of cancellation was filed with the board was testimony from one of National Grange's employees which could be construed to indicate that he examined the notice sent to the board and that a date stamp on the reverse side revealed that it was received by the board on August 29, 1978. This testimony did nothing more than create a question of credibility which the board was free

to resolve against National Grange. Although not explicitly stated in its decision, the board's conclusion that National Grange had not successfully canceled its coverage with the employer prior to the accident implicitly decided the factual issue of whether the board received timely notice of cancellation, an issue which National Grange had the burden of proving (*Matter of Conklin v Byram House Rest.*, 32 AD2d 582), against the carrier. Accordingly, since the board's decision finding that National Grange was the employer's workers' compensation carrier on the date of claimant's accident is supported by substantial evidence, it must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.