569 A.2d 216

**STATE ACCIDENT FUND**

v.

**Alphonzo GARDNER, et al.**

**No. 746 Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Feb. 7, 1990.

---

James A. Haynes, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Thomas J. Michaels, Asst. Atty. Gen., Towson, on the brief), for appellant.

Steven A. Charles (Hardwick, Tripoda and Harris, Baltimore, John A. Schafer, Jr., Dundalk, and George W. Elder, Towson, on the brief), for appellees.

Argued before BLOOM, ROSALYN B. BELL and CATHELL, JJ.

ROSALYN B. BELL, Judge.

This case requires us to determine whether the cancellation notice requirements of a workers' compensation insurance policy under Md.Code Ann. Art. 101, § 77(a) (1957, 1985 Repl.Vol.) were met. Notice was sent by the State Accident Fund (Fund)[1] by certified mail to the employer's insurance agent instead of the employer, as required by § 77(a). But the insurance agent claimed he hand-delivered the notice to the employer, who denied receiving it. In granting summary judgment to the employer, the trial court found that the cancellation was ineffective since it was not mailed in accordance with the statute. We hold that, although the cancellation notice was not mailed in strict

---

1. In this appeal, the State Accident Fund is the appellant. The appellees are the named employee/claimant, Alphonzo Gardner; the employer, Lawrence A. Milburn, individually and trading as Fat Boy, trading as Memories; and the Uninsured Employers' Fund.

compliance with § 77(a), there was evidence from which a fact finder could find that the notice was received by the employer. Thus, there was a genuine dispute as to a material fact and therefore summary judgment was inappropriate. Since summary judgment was inappropriate, we need not and will not address the Fund's second claim of error, namely, waiver, estoppel and agency arising from the prior course of dealings among the employer, the insurance agent and the Fund. Before we explain, a brief statement of the facts is necessary as a background to the resolution of this issue.

In November of 1981, the State Accident Fund (Fund) issued a workers' compensation policy to "Fat Boys, Inc. t/a Sportsman Inn" which showed Lawrence A. Milburn as president.[2] A notice of cancellation was sent by certified mail to Milburn, in care of Penwood Insurance Services, on or about June 13, 1986, indicating the policy would be cancelled if payment was not received by July 22, 1986. John Holt, Milburn's insurance agent and owner of Penwood Insurance Services, Inc., signed for the notice and stated in his affidavit that he personally delivered the notice to Milburn at his place of business. In his affidavit, Milburn denied ever receiving a notice of cancellation.

In September of 1986, Alphonzo Gardner, a Milburn employee, was injured on the job and incurred medical expenses. Gardner subsequently filed a claim with the Workers' Compensation Commission (Commission).

A hearing was held in October, 1988 before the Commission in which it was determined that Gardner sustained an accidental injury arising out of and in the course of his employment. The Commission found "the correct employer [to be] Lawrence A. Milburn Individually and trading as Fat

---

2. The Fund suggests that there is a dispute regarding the capacity, individual or corporate, in which Milburn claims relief. This dispute, however, is not material to the resolution of whether summary judgment was appropriate. Whether Milburn received notice in the capacity of an individual or corporation is irrelevant since, in either event, Milburn was the person to be served.

Boy, t/a Memories" and further found Milburn was not insured on the date of the alleged accident. Milburn appealed to the Circuit Court for Baltimore County, alleging the Commission erred in finding that he was not insured by the Fund on the day Gardner was injured. Milburn subsequently filed a motion for summary judgment, alleging that the notice of cancellation was ineffective since the Fund failed to comply with the statutory notice requirements. The trial judge granted Milburn's motion for summary judgment. The Fund appeals from this ruling.

## THE SUMMARY JUDGMENT

We enter again the familiar arena of how to evaluate a summary judgment motion. Rule 2–501(e) provides, in pertinent part, that

"[t]he court shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is *no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.*" (Emphasis added.)

In *Laws v. Thompson,* 78 Md.App. 665, 674, 554 A.2d 1264 (1989), we stated:

"The purpose of the summary judgment procedure is to dispose of cases where there is no genuine factual controversy. Summary judgment is not, however, designed as a substitute for trial, but a hearing to determine whether a trial is necessary. The critical question for the trial court on the motion for summary judgment is whether there exists a genuine dispute as to a material fact and, if not, what the ruling of law should be upon those undisputed facts.' " (Citations omitted.)

■ The principal question raised on the motion for summary judgment in this case is whether the worker's compensation insurance policy was effectively cancelled. The conflict arises primarily out of the interpretation of how notice

is to be served under § 77(a). Although no Maryland cases have directly addressed this issue, we find *Pressman v. State Accident Fund*, 246 Md. 406, 228 A.2d 443 (1967), informative in resolving the question.

In *Pressman*, the Fund delivered a notice to the Commission that it intended to cancel the employer's policy because of unpaid premiums. The claimant was subsequently injured. At a hearing before the Commission, the claimant contended that the cancellation notice was defective and thus the policy was in effect on the date of his injury. The Commission agreed but the trial court reversed on a motion for summary judgment. The Court of Appeals reinstated the Commission's finding and held that the policy was still in effect at the time of the injury on the ground that the Fund had failed to prove that the employer had been served with the cancellation notice. The Court stated that

> "the problem here is not whether the critical test of the statute is merely mailing in the specified way or actual receipt. Here there was simply no proof that the Fund delivered the notice to [the employer] or sent it a registered letter containing the notice or, indeed, that a notice was ever received. The Fund's amended affidavit says only that notice was 'sent.'"

*Pressman*, 246 Md. at 414, 228 A.2d 443.

Here, unlike *Pressman*, the Fund attempted to show that the notice of cancellation was sent and received by Milburn by offering the affidavit of the insurance agent who stated that he received the notice and personally delivered it to Milburn. Hence, we must determine whether notice mailed to the employer, in care of his insurance agent, fulfills the requirements of the statute upon the employer's receipt thereof. We turn to the statute for our answer.

Section 77(a) permits the Fund to cancel a policy of insurance with the employer if the employer defaults on any payment to the Fund. Such cancellation is effective upon the expiration of at least 30 days after notice of cancellation

is filed with the Commission and also served on the employer by the Fund. Section 77(a) requires that such notice

"shall be served on the employer by delivering it to him or by sending it by mail, by registered or certified letter, addressed to the employer at his or its last known residence, provided, that if the employer be a partnership then such notice may be given to any one of the partners, and if the employer be a corporation then the notice may be so given to any agent or official of the corporation upon whom legal process may be served. When an employer receives notice from the State Accident Fund in accordance with the provisions of this subsection that a contract for workmen's compensation insurance issued to such employer will be cancelled upon the expiration of the time stated in the notice, it shall be the duty of the employer immediately thereafter to secure compensation to his employees in accordance with one of the ways set forth in § 16 of this article, which will be in force on the date the cancellation becomes effective."

These provisions must be strictly complied with in order to effect a valid cancellation. *Pressman,* 246 Md. at 412–13, 228 A.2d 443. *See also* 4 Larson, *Workmen's Compensation Law* § 92.31 (1989).

The determination of sufficiency of notice under § 77(a) is largely a question of statutory construction. In *Kaczorowski v. Mayor of Baltimore,* 309 Md. 505, 516, 525 A.2d 628 (1987), the Court of Appeals said that when we pursue the context of statutory language,

"legislative purpose is critical, that purpose must be discerned in light of context, and that 'statutes are to be construed reasonably with reference to the purpose to be accomplished....' The purpose, in short, determined in light of the statute's context, is the key. And that purpose becomes the context within which we apply the plain-meaning rule." (Citations omitted.)

The Court explained that it is not necessary to go beyond the language of the statute if the language is clearly

consistent with the apparent purpose. *Kaczorowski*, 309 Md. at 515, 525 A.2d 628.

In the instant case, the purpose of § 77(a) is to get the notice of the cancellation to the employer so he or she will immediately secure proper compensation coverage to replace that which is to be cancelled. *Pressman*, 246 Md. at 412, 228 A.2d 443. The method of service is to simplify the proof for the sender.

In light of the serious potential effects of not having insurance on both the employer and employee, the notice of cancellation advises the employer of the date on which the insurance coverage will cease to be in force and provides a period of 30 days to obtain proper compensation coverage. Hence, if an employer gets the notice of cancellation, the purpose of the statute is fulfilled. With this in mind, we proceed to the language in question, *i.e.*, the mode of serving notice.

■ Under § 77(a), only two forms of notice are contemplated: notice delivered in person and notice sent by registered or certified mail. Notice that is directly and personally given to the person to be notified is actual notice. *Ashland Pipeline Co. v. Indiana Bell Telephone Co.*, 505 N.E.2d 483, 487 (Ind.App.1987). *See also State v. Barnes*, 273 Md. 195, 210–11, 328 A.2d 737 (1974), for a discussion of actual notice. Hence, actual notice meets the requirements of the statute. This being so, the Fund must show in each case that it served notice upon the employer, either by registered or certified mail addressed to the employer's last known residence, or that it had, in some other manner, given actual notice to the employer. Moreover, since the intent of § 77(a) is to ensure that the employer is informed of the potential cancellation, actual notice in whatever manner is clearly consistent with that purpose.

In the instant case, it is undisputed that the Fund sent, by certified mail, a notice of cancellation to Milburn addressed to his insurance agent, John Holt. It is also undisputed that the notice was received by Holt on or about June 20,

1986. There is a dispute, however, regarding whether Milburn actually received the notice. Holt's affidavit avers that he personally delivered the notice of cancellation to Milburn. Milburn's affidavit, however, directly contradicts Holt's averment in that Milburn denies ever receiving any notice.

Since we hold that actual notice constitutes an effective notice under § 77(a), the dispute as to whether Milburn actually received notice raised a material question of fact. Hence, summary judgment was inappropriate.

We do point out, however, that the Fund should take precautions in mailing notices of cancellation to the insurance agents of the employers. Mailing notices to the employer's insurance agent does not, without proof of actual notice to the employer, meet the requirements of § 77(a) and, in fact, the fact finder may in this case believe Milburn instead of Holt, and decide notice was not received. This procedure of only mailing to the insurance agent invites a contest over notice such as occurred in this case.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.