867 A.2d 1026

## ROCKWOOD CASUALTY INSURANCE CO.

v.

## UNINSURED EMPLOYERS' FUND.

**No. 34, Sept. Term, 2004.**

Court of Appeals of Maryland.

Feb. 8, 2005.

Bell, C.J., concurred in the judgment only.

100

Kenneth G. Macleay (Rollins, Smalkin, Richards and Mackie, on brief), Baltimore, for petitioner.

James W. Himes, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kimberly Smith Ward, Asst. Atty. Gen., on brief), for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

Rockwood Casualty Insurance Company ("Rockwood") issued a workers' compensation policy to the Carousel Hotel ("Carousel") in October of 1997. Thereafter, Carousel failed to pay the premiums, prompting Rockwood to mail a Notice of Cancellation ("notice") to Carousel on December 20, 1997. On March 7, 1998, one of Carousel's employees sustained a work-related injury. The employee filed a claim with the Workers' Compensation Commission ("Commission") and impled the Uninsured Employers' Fund ("UEF"). The Commission found the employee's claim legitimate and concluded that Rockwood should pay.

The issue before this Court is whether the notice mailed by Rockwood to Carousel complied with the statutory requirements found in Md.Code (1997, 2002 Repl.Vol.), § 19–406 of the Insurance Article Within that issue reside two questions: (1) Does the statute require actual notice or is service complete upon mailing, and (2) If the employer is a corporation or partnership, does the statute require the insurer to give notice to an agent or officer of the corporation or to a partner, or is notice addressed to the entity sufficient?

We hold that the notice mailed in this case did not comply with the statutory requirements and that, therefore, Rockwood's attempt to cancel Carousel's insurance failed.

## FACTS

In October of 1997, Rockwood issued a workers' compensation insurance policy to Carousel with coverage from Decem-

ber 23, 1997, through December 23, 1998.[1] On December 30, 1997, Rockwood sent a Notice of Cancellation to Carousel by certified mail, cancelling the policy for failure to pay premiums, effective February 2, 1998. The notice was addressed simply to the "Carousel Hotel, 11700 Costal Highway, Ocean City, Md. 21842." Rockwood also mailed a copy of the notice to Carousel's insurance agent in Willards, Md. 21878. Both parties agree that the post office failed to produce evidence that the notice had been picked up or delivered to Carousel. The "Mail Loss/Rifling Report" of the USPS notes "no record of delivery." In addition, the certified mail return receipt, dated July 1998, states "no record of delivery." On February 27, 1998, Rockwood conducted an insurance cancellation audit of Carousel's records at the hotel.

On March 7, 1998, Genora Hodge, a Carousel employee, sustained a work-related injury, prompting her to file a workers' compensation claim. Rockwood argued that Carousel was uninsured because Rockwood had sent a proper notice, cancelling the insurance before the injury occurred. As a result, the employee asserted a claim against the UEF. The Commission found that the employee had sustained a compensable injury and that Rockwood was responsible to pay. The Commission determined that Rockwood had issued a workers' compensation policy to Carousel and that Rockwood's notice did not comply with the statutory requirements. Consequently, Rockwood had not successfully cancelled Carousel's insurance before the injury to Ms. Hodge occurred.

Rockwood sought judicial review in the Circuit Court for Worcester County. Both Rockwood and UEF filed motions for summary judgment on the question of whether Rockwood's notice was effective. On January 6, 2003, the Circuit Court for Worcester County, Judge Eschenburg presiding, granted UEF's motion, affirming the Commission. Rockwood appealed and the Court of Special Appeals affirmed in an unreported

---

1. We note that the "Workers Compensation and Employers Liability Insurance Information Page" notes "Carousel Hotel" as the insured, located at 11700 Coastal Highway, Ocean City, Maryland.

opinion. We granted *certiorari. Rockwood Casualty v. Hodge,* 381 Md. 674, 851 A.2d 594 (2004).[2]

## STANDARD OF REVIEW

Under Md. Rule 2–501(e), summary judgment may be granted if "the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." When making a summary judgment decision, the trial court must not determine any disputed facts. Rather, considering the undisputed material facts, the court must decide if the moving party is entitled to judgment as a matter of law. *Williams v. Mayor & City Council of Baltimore,* 359 Md. 101, 114, 753 A.2d 41, 48 (2000) (internal citations omitted). We review the grant of summary judgment *de novo. Walk v. Hartford Cas. Ins. Co.,* 382 Md. 1, 14, 852 A.2d 98, 105 (2004). Whether the circuit court properly granted summary judgment is a question of law. *Id.* We must decide if the trial court's decision was legally correct. *Id.*

In making that decision, we must independently review the record to determine if a genuine dispute of material fact exists. *Id.* We only proceed to the question of law if there is no genuine dispute of fact. *Jurgensen v. New Phoenix Atlantic Condominium,* 380 Md. 106, 114, 843 A.2d 865, 869 (2004). "In so doing, we construe the facts properly before the court, and any reasonable inferences that may be drawn from them, in the light most favorable to the non-moving party." *Id.*

## DISCUSSION

Rockwood argues § 19–406 of the Insurance Article does not require actual notice. Moreover, Rockwood argues that § 19–406 gives the insurer the option, but does not require the insurer, to provide notice of cancellation to an agent or officer

---

2. We also granted the motion of UEF to change the caption of this case to: *Rockwood Casualty Ins. Co. v. Uninsured Employers' Fund.*

of an employer that is a corporation or to a partner if the employer is a partnership. By contrast, the UEF argues that the statute requires actual notice and requires the insurer to notify appropriate officials of corporate or partnership employers. The Court of Special Appeals held that the statute required Rockwood to send the notice by registered mail, or to prove actual notice in some other way. The Court of Special Appeals also held that Rockwood should have provided the notice to an agent or officer of Carousel Hotel.

The 1997 version [3] of § 19–406 provided, in pertinent part:

(a) General requirements.—An insurer may not cancel a workers' compensation insurance policy before its expiration unless, at least 30 days before the date of cancellation, the insurer:

(1) serves on the employer, by personal service or registered mail addressed to the last known address of the employer, a notice of intention to cancel the policy; and.

(2) files a copy of the notice with the State Workers' Compensation Commission.

(b) Notice to corporations and partnerships.—Notice under this section may be given:

(1) if the employer is a corporation, to an agent or officer of the corporation on whom legal process may be served; and

(2) if the employer is a partnership, to a partner.

Md.Code (1997), §§ 19–406(a), 19–406(b) of the Insurance Article. In addition, Article 1 section 20 states in pertinent part:

The term "registered mail" when used (1) in any section of this Code or of any code of public local laws ... includes and may be applied as the term "certified mail." Both terms mean the uses, procedures, and fees provided and generally referred to by the United States Post Office

---

3. The current version of this section of the code substitutes "certified mail" for "registered mail" in subsection (a)(1). The legislature made that change in 2000. 2000 Md. Laws, Chap. 124.

Department. A provision in any such law, charter, resolution, ordinance, rule, regulation, or directive, for the use of one type of such mail, may be interpreted and applied to authorize the use of the other type of such mail as an alternate.

Md.Code (1957, 2001 Repl.Vol.), Art. 1 § 20.[4]

 As noted by this Court in *Oaks v. Connors*, 339 Md. 24, 35, 660 A.2d 423, 429 (1995):

The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *Fish Market v. G.A.A.*, 337 Md. 1, 8, 650 A.2d 705 (1994). *See also Jones v. State*, 336 Md. 255, 260, 647 A.2d 1204 (1994); *Parrison v. State*, 335 Md. 554, 559, 644 A.2d 537 (1994); *Rose v. Fox Pool*, 335 Md. 351, 358, 643 A.2d 906 (1994). The first step in determining legislative intent is to look at the statutory language and "[i]f the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written." *Jones, supra,* 336 Md. at 261, 647 A.2d 1204. *See also Parrison, supra,* 335 Md. at 559, 644 A.2d 537; *Rose, supra,* 335 Md. at 359, 643 A.2d

---

4. As noted in the opinion of the Court of Special Appeals, the Domestic Mail Manual issued by the United States Postal Service (USPS) describes registered mail as follows:

Registered mail is the most secure service that the USPS offers. It incorporates a system of receipts to monitor the movement of the mail from the point of acceptance to delivery. Registered mail provides the sender with a mailing receipt and, upon request, electronic verification that an article was delivered or that a delivery attempt was made.

Domestic Mail Manual (DMM), S911, § 1.1, *available at http:// pe.usps.gov/text/dmm/s911.htm.* In addition, the Domestic Mail Manual, in relevant part, describes certified mail as follows:

Certified mail service provides the sender with a mailing receipt and, upon request electronic verification that an article was delivered or that a delivery attempt was made.... Certified mail is dispatched and handled in transit as ordinary mail.... No insurance coverage is provided.

Domestic Mail Manual (DMM), S912, § 1.1, *available at http:// pe.usps.gov/text/dmm/s912.htm.*

906; *Outmezguine v. State,* 335 Md. 20, 41, 641 A.2d 870 (1994).

*See also Greco v. State,* 347 Md. 423, 429, 701 A.2d 419, 422 (1997) (noting that our goal is to give statutes their "most reasonable interpretation, in accord with logic and common sense, and to avoid a construction not otherwise evident by the words actually used"); *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106, 112 (1994) (stating that we will seek to avoid statutory constructions that are "illogical, unreasonable, or inconsistent with common sense").

■■ In view of the plain language of Article 1 section 20, we hold that serving the notice by certified instead of registered mail was acceptable, even though the 1997 statute said registered mail. We do not agree, however, that simply mailing the notice, whether or not it arrived, was sufficient. The language of the statute implies otherwise.

Section 19–406 of the Insurance Article requires the insurer to *serve* the employer with notice and gives the insurer two ways to accomplish service: personal service or service by certified mail.[5] To "serve" is defined as, "[t]o make legal delivery of (a notice or process) ... [t]o present (a person) with a notice or process as required by law. . . ." Black's Law

---

5. By the express terms of the 1997 statute, the insurer has two methods to effectuate service of the notice of intention to cancel insurance. The insurer may serve the employer by means of personal delivery. In the alternative, the insurer may elect to send notice by registered mail to the employer's last known address. In review of the predecessor sections of § 19–406 since 1914, the statute has consistently required service of notice of cancellation by delivery to the employer or by registered letter. *See* 1914 Md. Laws, Chap. 800, § 30 ("Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence ..."); Md.Code (1957), Art. 101, § 19(e) (stating the same thing exactly); Md.Code (1957, 1991 Supp.), Art. 48A, § 482 H ("An insurer may not cancel a workers' compensation insurance policy ... unless ... the insurer: (1) Serves on the employer, by personal service or registered mail addressed to the last known resident address of the employer, a notice of intention to cancel the policy ..."). The comparable section in the 1997 version changes nothing except to remove the word "resident" from the phrase "last known resident address of the employer." Md.Code (1997), § 19–406(a)(1).

Dictionary 1399 (8th ed.2004). The term implies actual receipt. If the Legislature intended some lesser standard, it could have just required the insurer to *send* or *mail* the notice to the employer by regular mail. Instead, it requires the insurer *to serve* the notice by personal delivery or by certified mail. *See Moss v. P.A. Trucking Co.,* 284 A.D. 675, 677, 134 N.Y.S.2d 393 (N.Y.App.Div.1954) (interpreting a statute requiring that notice of cancellation of workers' compensation insurance be "served" on the employer and stating that "[s]ervice must be personal service or service made by registered mail. The exact language of the statute prohibits cancellation unless 'notice' is 'served'. This requirement has had a literal construction."); [6] *see also Mardirossian Family Enterprises v. Clearail, Inc.,* 324 Md. 191, 200, 596 A.2d 1018, 1022 (1991) (discussing a statute that permitted notice by certified mail, return receipt requested and noting that "[i]n no case, either before or after registered or certified mail was specifically authorized as a vehicle for giving the required notice, have we ever found a mailed notice effective where there was no delivery of that mail"); *State v. Barnes,* 273 Md. 195, 209, 328 A.2d 737, 746 (1974) (involving a request for final disposition of a murder indictment and stating, that "[t]he only logical purpose to be served by directing that the notice be delivered by certified mail is to provide corroboration for bald assertions of having given such notice and a means of tracing and establishing the date of receipt should a dispute concerning the delivery of notice arise").

 We note that the USPS definitions of both registered and certified mail include statements that the sender of either type of mail can obtain verification of delivery upon

---

6. *Cf. Young v. State Farm Mutual Automobile Insurance Co.,* 213 A.2d 890, 891 (D.C.1965) (discussing a case in which the insurance policy provided that *mailing* of the notice of cancellation was sufficient proof of notice and holding that proof of mailing without proof of actual delivery was acceptable for cancelling insurance in such a case); *Seaboard Mut. Casualty Co. v. Profit,* 108 F.2d 597, 599 (4th Cir.1940) (also holding that proof of mailing without actual proof of delivery is enough if the insurance policy so provides).

request. In fact, Rockwood admits in its brief that "the primary purpose behind the requirement of registered mail is *to ensure delivery* and to easily determine the date of delivery[.] [C]ertified mail fulfills this purpose because it allows for a receipt *of delivery*." (Emphasis added.) In the case at bar, such a request apparently was not made until months after the notice was mailed and never delivered. Moreover, paragraph (d) of § 19–406 requires the employer to secure other insurance coverage "[w]henever an employer *receives* a notice under this section." Md.Code (1997, 2002 Repl.Vol.), § 19–406(d) of the Insurance Article. (Emphasis added.) It is clear that the Legislature's purpose in passing § 19–406 was to ensure that employers actually receive notice before coverage is cancelled, so that employers have the opportunity to secure other insurance coverage. Considering that purpose assists our interpretation of the notice requirements of the statute. As stated in *Kaczorowski v. Mayor and City Council of Baltimore*, 309 Md. 505, 516, 525 A.2d 628, 633 (1987), when determining the context of a statute,

> legislative purpose is critical, that purpose must be discerned in light of context, and that "statutes are to be construed reasonably with reference to the purpose to be accomplished...." The purpose, in short, determined in light of the statute's context, is the key. And that purpose becomes the context within which we apply the plain-meaning rule.

(Quoting *Potter v. Bethesda Fire Dept.*, 309 Md. 347, 353, 524 A.2d 61, 64 (1987).)

In addition to the plain language of the statute, precedent from this Court supports our interpretation that the insurer must prove that it complied with the statutory requirements of *serving* the employer with notice of the termination of coverage, before an attempted termination is effective. Discussing the purpose of the Workers' Compensation Act,[7]

---

7. We recognize that § 19–406 of the Insurance Article is not a part of the Workers' Compensation Act, which is located in Title 9 of the Labor & Employment Article. Nonetheless, as it is clearly a related statute,

we stated in *Polomski v. Mayor & City Council of Baltimore*, 344 Md. 70, 684 A.2d 1338 (1996):

> In reality, the Act protects employees, employers, and the public alike. To be sure, the Act maintains a no-fault compensation system for employees.... At the same time, however, the Act also recognizes the need to protect employers from the unpredictable nature and expense of litigation, and the public from the overwhelming tax burden of "caring for the helpless human wreckage found [along] the trail of modern industry."

*Polomski*, 344 Md. at 77, 684 A.2d at 1341 (quoting *Liggett & Meyers Tobacco Co. v. Goslin*, 163 Md. 74, 80, 160 A. 804, 807 (1932)). In addition, in *Harris v. Board of Education of Howard County*, 375 Md. 21, 825 A.2d 365, (2003), we said:

> We have frequently repeated and applied the statutory mandate that "[t]he Workers' Compensation Act ... should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant."

*Harris*, 375 Md. at 57, 825 A.2d at 387 (quoting *Mayor & City Council of Baltimore v. Cassidy*, 338 Md. 88, 97, 656 A.2d 757, 761–62 (1995)).

In this case, interpreting the statute to require insurers to prove that they served the employers with notice as required by the statute protects injured claimants. Such an interpreta-

---

we think a brief discussion of it illuminates the case at bar. The commonsensical approach to interpreting statutes includes a review of the general statutory scheme in which the statute in question is found. *Frost v. State*, 336 Md. 125, 137–38, 647 A.2d 106, 112 (1994). We do not read statutory language "in isolation or out of context [but construe it] in light of the legislature's general purpose and in the context of the statute as a whole." *Forbes v. Harleysville Mutual*, 322 Md. 689, 696–97, 589 A.2d 944, 948 (1991). Context may include "related statutes, pertinent legislative history and 'other material that fairly bears on the ... fundamental issue of legislative purpose or goal....' " *GEICO v. Insurance Commissioner of the State of Maryland*, 332 Md. 124, 132, 630 A.2d 713, 717 (1993) (quoting *Kaczorowski v. Mayor & City Council of Baltimore*, 309 Md. 505, 515, 525 A.2d 628, 632–33 (1987)).

tion guarantees advance notice of the loss of coverage to employers and provides them an opportunity to secure other coverage for the benefit of their employees.

In *Pressman v. State Accident Fund*, 246 Md. 406, 228 A.2d 443 (1967), we discussed the cancellation provisions of a statute similar to the one before us in the instant case.[8] In *Pressman*, the issue before the Court was whether the insurer had effectively cancelled its coverage. *Pressman*, 246 Md. at 408, 228 A.2d at 445. We said:

> The statute requires notice both to the Commission and the employer and specifies the mode of serving notice on the employer—by delivery or by registered letter—and spells out the reason for notice to the employer—so that "when an employer receives notice" he shall immediately secure proper compensation coverage for his employees.

*Pressman*, 246 Md. at 412, 228 A.2d at 447. We also noted that statutory procedures for cancelling workers' compensation insurance must be strictly complied with in order to achieve a valid cancellation. *Id.* (citing *Moore v. London Guarantee & Accident Co.*, 233 Md. 425, 428–29,197 A.2d 132, 134 (1964)); *see also Passmore v. Austin*, 73 Idaho 484, 253 P.2d 800, 804 (1953) (noting that strict compliance with the statute is mandatory in order to cancel a workers' compensation insurance policy); *Preferred Acc. Ins. Co. of New York v. Van Dusen*, 202 Okla. 124, 210 P.2d 341, 344 (1949) (discussing a statute similar to the one at bar and noting that "the method of cancellation provided by the statute is mandatory, and must be strictly complied with in all respects in order to relieve an insurance company from liability" under a Workers' Compen-

---

**8.** The statute discussed in *Pressman* was Md.Code (1957, 1964 Repl. Vol.) Art. 101 § 77(a), the section of the code that discussed the method of cancellation of workers' compensation insurance for the "State Accident Fund." *Pressman*, 246 Md. at 410, 228 A.2d at 446. Like the statute before us, the statute in *Pressman* required the insurer (the Fund) to serve notice of cancellation on the employer by delivering it to him or by sending it by mail by registered letter. *Id.* The statute at issue in the case at bar controls notice of cancellation by insurers other than the Injured Workers' Insurance Fund (formerly the State Accident Fund). Consequently, the discussion in *Pressman* is relevant.

sation policy). *Pressman* did not answer the specific question of whether actual notice was required. *See Pressman*, 246 Md. at 413–14, 228 A.2d at 448 (stating that the statute "would seem to contemplate that there must be an actual receipt of notice of cancellation by the insured but we need not decide the point ..." and noting that in that case there was no proof that the notice was delivered or sent by an appropriate method). Nonetheless, its language and reasoning supports such a conclusion.

In *State Accident Fund v. Gardner*, 81 Md.App. 646, 569 A.2d 216 (1990), the Court of Special Appeals addressed the same statute that we reviewed in *Pressman*. In *Gardner*, the State Accident Fund sent a notice of cancellation to the employer's agent by certified mail. *Gardner*, 81 Md.App. at 647, 569 A.2d at 217. The Fund did not send a notice to the employer, as required by the statute. *Id.* The employer's agent, however, claimed in an affidavit that he had hand-delivered the notice to the employer. *Id.* The employer, in his affidavit, denied ever receiving the notice. *Id.* The trial court granted summary judgment to the employer, holding that the cancellation was ineffective because it was not mailed to the employer, as required by the statute. *Id.* The Court of Special Appeals reversed and held that although the notice was not mailed in strict compliance with the statute, "there was evidence from which a fact finder could find that the notice was received by the employer. Thus there was a genuine dispute as to a material fact and therefore summary judgment was inappropriate." *Gardner*, 81 Md.App. at 648, 569 A.2d at 217.

██ In making that decision, the Court of Special Appeals discussed the requirements of the statute and noted that its purpose is "to get the notice of the cancellation to the employer so he or she will immediately secure proper compensation coverage to replace that which is to be cancelled." *Gardner*, 81 Md.App. at 652, 569 A.2d at 219. That statement is consistent with our view of the purpose of § 19–406, as stated previously in this opinion. It is also consistent with our view that actual notice is required by the statute. The question of

whether evidence of mailing by certified mail (without evidence of receipt) is sufficient to prove notice was not before the intermediate appellate court in *Gardner*. Regarding actual notice, however, the court stated that mailing a notice to the employer's agent "without proof of actual notice to the employer" does not satisfy the requirements of the statute. *Gardner*, 81 Md.App. at 653, 569 A.2d at 220.

 In addition to our conclusion that the statute requires actual notice to the employer before a cancellation is effective, we also hold that if the insurer can show that it mailed the notice by certified mail to the last known address of the employer, as stated in the statute, the insurer enjoys a presumption that the notice actually arrived. As noted in *Fidelity Casualty Co. of New York v. Riley*, 168 Md. 430, 178 A. 250 (1935), while discussing a case involving notice of cancellation of an insurance policy and registered mail, ". . . in the absence of evidence to the contrary, the presumption is that the postal officials and employees did what the law required of them." *Riley*, 168 Md. at 433, 178 A. at 252; *see also Kolker v. Biggs*, 203 Md. 137, 144, 99 A.2d 743, 746 (1953) (noting that it is "an established rule of evidence that the testimony of a witness that he properly addressed, stamped, and mailed a letter raises a presumption that it reached its destination at the regular time and was received by the person to whom it was addressed"). The presumption, however, is rebuttable. *See Williams v. Storms*, 835 So.2d 755, 761 (La.Ct.App.2002) (Noting that "[i]n a cancellation of insurance case, the burden of proof first rests upon the insurer to prove by *prima facie* evidence proof of mailing of notice to the insured. Where the insurer meets the burden of proof, a presumption of delivery is established, which then may be rebutted by the insured by proof of nondelivery.").

 In the case at bar, there was evidence presented (albeit by Rockwood themselves) that the notice was never delivered to the employer. In such a case, the presumption that the notice actually arrived is rebutted. As stated in *Pressman*, "[i]t is generally held that the burden of proving

notice is on him who must give it." *Pressman*, 246 Md. at 413, 228 A.2d at 447. Rather than meet that burden, as noted previously, Rockwood attached two exhibits to its Motion for Summary Judgment that tend to prove otherwise. The "Mail Loss/Rifling Report" of the USPS notes "no record of delivery." In addition, the certified mail return receipt, dated July 1998, states "no record of delivery." There was no record of delivery of the notice by the post office to Carousel and Rockwood knew that when it received the certified mail return receipt.

If the presumption that the properly-addressed letter arrived is rebutted, the insurer must then prove by other evidence that the employer received actual notice, or that the employer intentionally refused to receive the notice, amounting to an evasion of service.[9] No such proof was

---

**9.** Although the facts are not before us in this case, we think it necessary to mention that § 19–406 is silent regarding how to notify an employer that is evading service. Because the statute fails to give any clear direction to the insurer about how to proceed in terminating the policy, particularly in non-payment of premium situations, we encourage the Legislature to re-examine this fairly "ancient" statute. It may be that the Legislature intended to leave the matter for resolution by the parties pursuant to the express terms of the contract of insurance. Unfortunately, if that was the intention of the Legislature, it is not contained in the language of the statute. In addition, the statute is unclear whether the General Assembly intended that notice to a non-paying insured be treated in a manner like Md. Rule 2–121(b) (Process–Service–In–personam) (Evasion of service).

In view of our holding that the statute requires actual notice, we note that in such a case, deliberate ignorance or intentional avoidance of notice is the equivalent of actual notice. *See State v. McCallum*, 321 Md. 451, 458, 583 A.2d 250, 253 (1991) (per curiam) (Chasanow, J., concurring) (discussing a case in which the defendant's intentional avoidance of notice of a suspension of his license could be considered the equivalent of actual knowledge of the suspension, sufficient to find the required *mens rea* for a conviction of driving while suspended). To hold otherwise would lead to the absurd result that an employer could avoid losing insurance simply by continually evading service of the notice. *See Thanos v. State*, 332 Md. 511, 632 A.2d 768, 774 (1993) (noting the "familiar rule" of statutory construction that "whenever possible an interpretation should be given to statutory language which will not produce an illogical or unreasonable result or lead to absurd consequences").

offered by Rockwood in this case. The undisputed material facts in this case show that Rockwood failed to prove that it provided notice as required by the statute, entitling UEF to summary judgment on that issue.[10] There can be no *presumption* of receipt of notice where the *undisputed evidence* shows that there was no delivery.

 In support of its argument that § 19–406 of the Insurance Article does not require actual notice, Rockwood relies on COMAR 14.09.01.04(B)(3), arguing that it supports the notion that service by mail ought to be complete upon mailing.[11] This section of COMAR is located in Title 14– Independent Agencies, Subtitle 9–Workers Compensation Commission, Chapter 01–Procedural Regulations. The writers of COMAR note at the beginning of Chapter 01 that the authority for the regulations in this chapter is derived from the Labor & Employment Article. Specifically noted among others, are §§ 9–309 and 9–6A–07 of the Labor & Employment Article. Section 9–309 gives the Commission the power to adopt regulations to carry out Title 9 of that Article.

---

**10.** In a case where the insurer has proof of mailing the notice by certified mail to the last known address and the *employer* presents evidence that the notice was never received, the case could not be resolved by summary judgment because a material fact would be in dispute. *See Gardner,* 81 Md.App. at 648, 569 A.2d at 217 (holding that summary judgment was inappropriate where there was a factual dispute over whether the employer actually received the notice); *see also Williams,* 835 So.2d at 761 (discussing a case involving notice of cancellation of an automobile insurance policy and stating that if an insured files an affidavit denying delivery of the notice of cancellation, a genuine issue of material fact is raised and summary judgment should not be granted).

**11.** The section states:
Service may be made by delivery of a copy or by mailing it to the address most recently stated in a paper filed by the party or attorney, or if not stated, to the last known address. Delivery of a copy means handing to the party or attorney, or leaving it at that person's office with an individual in charge, or, if there is no one in charge, leaving it in a conspicuous place in the office, or, if the office is closed or the person has no office, leaving it at the person's usual place of residence with an individual of suitable age and discretion residing there. Service by mail is complete upon mailing.

Md.Code (1991, 1999 Repl.Vol.), § 9–309 of the Labor & Employment Article. Section 9–6A–07 gives the Commission the power to adopt regulations to carry out subtitle 6A of Title 9. Md.Code (1991, 1999 Repl.Vol.), § 9–6A–107 of the Labor & Employment Article. By contrast, there is no similarly empowering provision located in Title 19, Subtitle 4 of the Insurance Article. As previously noted, the cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *O'Connor v. Baltimore County,* 382 Md. 102, 113, 854 A.2d 1191, 1198 (2004). Relying on a regulation promulgated with authority from the Labor and Employment Article does not assist the Court in determining the Legislature's intent when passing a statute located in the Insurance Article. Furthermore, it is clear from the context of the COMAR provision in question that the section relied upon by Rockwood pertains to *claims* filed with the Commission and not to notices of cancellation of insurance.[12]

▆▆▆▆ Rockwood also argues that even if actual notice of cancellation is required by the statute, it complied with that provision by conducting an insurance audit of the employer. As correctly noted by the Court of Special Appeals, the audit took place only two weeks before the injury and more than three weeks after the attempted date of cancellation. Even if the audit could be considered actual notice to the employer, notice was not given in time. The statute requires that the employer receive thirty days notice before a cancellation. Md.Code (1997, 2002 Repl.Vol.), § 19–406(a) of the Insurance Article.

▆▆▆▆ In addition to its argument that actual notice is required, UEF asserts that the statute *requires* the insurer to

---

12. We note also that the Commission in this case found that Rockwood did not comply with § 19–406, despite the COMAR provision relied upon by Rockwood. While we do not know if Rockwood made the COMAR argument before the Commission, we assume the Commission is aware of its own regulations and still decided that Rockwood's notice was not effective. We ordinarily show some deference to an agency's interpretation of its own regulations. *MTA v. King,* 369 Md. 274, 288–89, 799 A.2d 1246, 1254 (2002).

give notice to an agent or officer of an employer that is a corporation or to a partner of an employer that is a partnership. Rockwood argues that the Legislature has given insurers the option either to serve the notice on the "employer," or if the employer is a corporation or a partnership, to serve "an agent or officer of the corporation on whom legal process may be served" or "a partner." The Court of Special Appeals held that the notice must be provided to "any principal of the policyholder" or to "an agent or officer of the entity upon whom process could be served." In view of our holding that the notice in this case did not comply with the statute (because there was evidence that it was never delivered), we do not need to address UEF's additional argument. We will discuss it briefly, however, because the parties raise it and the statute addresses it.

As previously noted, the cardinal rule of statutory interpretation is to ascertain the intention of the legislature. *Oaks,* 339 Md. at 35, 660 A.2d at 429. We determine intent by reviewing the statutory language and " '[i]f the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written.' " *Oaks,* 339 Md. at 35, 660 A.2d at 429 (quoting *Jones v. State,* 336 Md. 255, 261, 647 A.2d 1204, 1206–7 (1994)). Section 19–406(b) of the Insurance Article—*Notice to corporations and partnerships,* states:

> Notice under this section *may* be given:
>
> (1) if the employer is a corporation, to an agent or officer of the corporation on whom legal process may be served; and
>
> (2) if the employer is a partnership, to a partner.

(Emphasis added.) The commonly understood meaning of the word "may" is "has discretion to; is permitted to." A Dictionary of Modern Legal Usage 552 (2nd ed.1995). It does not mean "must." *See Heery Intern., Inc. v. Montgomery County,* 384 Md. 129, 862 A.2d 976, 2004 WL 2775915, at *10 (noting the difference between the permissive term "may" and the mandatory term "must"); *Livesay v. Baltimore County,*

384 Md. 1, 16, 862 A.2d 33, 42 (2004) (stating that " '[m]ay' is generally interpreted as permissive, in contrast with 'shall,' which is interpreted as mandatory"). We will not substitute a different word or meaning for the word chosen by the Legislature.

It appears that the Legislature has given insurers the option either to serve the notice on the "employer," under § 19–406(a)(1), or if the employer is a corporation or a partnership, to serve "an agent or officer of the corporation on whom legal process may be served" or "a partner." *See Conklin v. Byram House Restaurant, Ltd.*, 32 A.D.2d 582, 583, 299 N.Y.S.2d 309 (N.Y.App.Div.1969) (noting that the "argument that the mailed notice must, in order to be valid, be received by an 'agent or officer of the corporation upon whom legal process may be served' ... is in error, the provision ... that the notice 'may be given' to such a person clearly referring to the optional alternative of personal service of the notice, that is, when 'served on the employer by delivering it to him' "), *aff'd on other grounds*, 30 N.Y.2d 657, 332 N.Y.S.2d 97, 282 N.E.2d 884 (1972).

The term "employer" is not defined in the statute. Both parties in the case at bar, however, refer to "Carousel Hotel" as the employer. Whether Carousel Hotel is a corporation, partnership, unincorporated association, or sole proprietorship, the parties have not taken a position. Consistent with our construction of the notice provision, the legal structure of the entity is not controlling. Anyone authorized by the "employer" to receive the mail may accept delivery. Rockwood mailed the notice to the employer, as permitted by section 19–406(a)(1).[13] As it turns out in this case, no one at Carousel Hotel received the notice that was mailed "certified mail." If someone authorized by Carousel Hotel to receive the mail had accepted and signed for the mail and Rockwood could prove

---

**13.** Rockwood entered into the agreement for insurance with the "Carousel Hotel." As previously noted, the "Workers Compensation and Employers Liability Insurance Information Page" notes, simply "Carousel Hotel" as the insured. Rockwood mailed the notice of cancellation of that insurance policy to the "Carousel Hotel."

delivery by presenting the return receipt, the notice provisions of section 19–406 would have been satisfied.[14] If the Legislature intended otherwise, it would have used the term "shall" instead of "may."

We disagree with UEF's argument that the usually permissive term "may" should be construed in this case to mean "must" because of the context or purpose of the statute. As previously stated, the purpose of this statute is to make sure that employers receive notice of the loss of insurance so that they can obtain new insurance to cover injured employees. *Pressman*, 246 Md. at 412, 228 A.2d at 447. Interpreting the statute to require actual notice to the employer, which in this case was "Carousel Hotel," the entity that entered into the agreement for insurance in the first place (and not necessarily to statutory agents, officers or partners of the employer) is consistent with that purpose without violating the plain language of the statute.

## CONCLUSION

 In conclusion, we hold that § 19–406(a) permits an insurer to choose whether to serve notice of cancellation of insurance by personal delivery or by certified mail. Service by certified mail, however, is not complete upon mailing. The statute contemplates actual delivery of notice. We also hold that notice in the case of an employer that is a corporation or a partnership may be given to the employer pursuant to § 19–406(a) or to an agent or officer upon whom legal process may be served pursuant to § 19–406(b). The notice mailed in this

---

**14.** *See Employers' Liability Assur. Corporation v. Perkins*, 169 Md. 269, 280, 181 A. 436, 441 (1935) (stating that "[r]egistered mail is delivered to the addressee by post in due course if received either by its addressee or by the addressee's agent for that purpose. So, it follows that whether the return receipt for the delivery of registered mail is signed by the addressee, or the addressee's name to the receipt is signed by his agent to receive the registered mail, the receipt is equally the receipt of the addressee. In either event there has been an actual delivery to the addressee and his return receipt obtained."), *superseded by statute on other grounds as stated in Sherwood Brands, Inc. v. Hartford Acc. and Indem. Co.*, 347 Md. 32, 41, 698 A.2d 1078, 1082 (1997).

case did not comply with the statutory requirements of actual delivery and, therefore, Rockwood's attempt to cancel Carousel's insurance failed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. APPELLANT TO PAY COSTS IN COURT OF SPECIAL APPEALS AND COURT OF APPEALS.

Chief Judge BELL joins in the judgment only.